# Parke and Wife *versus* Kleeber & Brother.

*Action against Husband and Wife for Necessaries.—Form of Declaration.*

1. In an action brought against husband and wife, to charge the separate estate of the wife with the price of a piano, it is a question for the jury, under the circumstances of the case, to decide from all the evidence whether a piano was necessary to the support of the family. No legal definition of family necessaries can be given, but must be left to the jury in each case as it arises.

2. To charge the separate estate of the wife the declaration must aver that the debt was contracted by the wife, and for necessaries, or it is incurably defective, and a verdict will not be sustained upon it.

3. It is not sufficient that one count in the declaration charges that the article sold was "necessary," and another count that "the wife contracted the debt:" each averment is essential, and they must both appear in the same count.

4. Nor is it enough that the cause of action be proven: it must also be set forth in the declaration. The effect of a record depends more on the pleadings than the proof; for if the pleadings be wrong the evidence will not cure the defect.

5. A joint contract by husband and wife does not make the wife's estate liable even for necessaries.

[Parke and Wife *v.* Kleeber & Brother.]

ERROR to the Common Pleas of *Allegheny county.*

This was an action of *assumpsit* brought by Henry and Augustus Kleeber, partners, doing business as H. Kleeber & Brother, *v.* Catharine W. Parke and Robert W. Parke. *Affidavit* and copy of note of defendant, for $125, was filed, followed by judgment for want of an affidavit of defence. On a rule granted by the court the judgment was opened. The defendants pleaded *non assumpsit, leave, set-off,* &c. On leave granted the plaintiffs' attorney filed additional counts as an amended declaration, on which the parties went to trial.

Catharine W. Parke, wife of Robert W. Parke, purchased of plaintiffs a piano and stool for $375, and arranged with them for the giving of three notes for $125 each, signed by herself and her husband, and payable in six, twelve, and eighteen months, which was done.

This suit was brought on the first note that fell due. The first declaration was upon this note, to which were added the common money counts. After the pleas above mentioned were entered, the plaintiffs filed these additional counts, viz. :—

"And the plaintiffs further complain for that whereas the said defendants are further indebted to them, in the further sum of $150, for a debt contracted by the said Catharine Parke herself, wife of said R. W. Parke, with and to the plaintiffs.

"And in the further sum of $150, for necessaries furnished by the plaintiffs to the defendants, at their special instance and request, for the maintenance and support of the family of said defendants."

The plaintiffs proved the purchase of the piano, the price, and the arrangement as to these notes, and that she had inherited property to the amount of $9180, and rested.

The defendants offered no testimony, but requested the court to charge the jury :—

1. That while the marriage relation exists, and the husband lives with his wife and performs his marital duties, the wife has no power to contract debts, except as his agent, and then they are his debts and not hers.

2. The Act of 1848 did not confer any new power to contract debts on the part of the wife, by which she may bind herself during coverture, and the proviso "That nothing in the Act shall protect the property of such married woman from liability for debts contracted by herself," refers only to debts contracted by her before marriage, and therefore plaintiff *cannot recover in this case against the defendant's wife.*

3. The action cannot be sustained in this case against the wife, because a piano, the article purchased, is not *necessary* for the support and maintenance of defendants' family.

4. The plaintiffs cannot recover in this case against either

[Parke and Wife v. Kleeber & Brother.]

defendant, even if R. W. Parke, the husband, might be held liable in an action against him alone.

The court (MELLON, P. J.), after charging as requested by the plaintiffs, submitted to the jury whether the article purchased was necessary or not (in considering that question they were instructed to regard the position of the parties in society, and the amount of property owned by either of them), proceeded to answer the points of the defendant.

The first and second points were answered in the affirmative. The third point was disposed of by submitting the question to the jury, and instructing them that the article bought must be necessary, and that the debt must be contracted by the wife. The fourth point was answered in the negative. The jury found in favour of the plaintiff, $126.81. Judgment having been entered on the verdict, the defendants sued out this writ, and assigned for error the affirming of the plaintiffs' points, and in not affirming the defendants' third and fourth points.

The case was argued in the Supreme Court by *Stowe* and *Moffeth* for plaintiffs in error, and by *J. Ludwig Koether*, for defendants, who cited and relied on Murry *et al. v.* Keyes, 11 Casey 384; Commonwealth *v.* Nesbitt, 10 Casey 409; Breinig *v.* Meitzler, 11 Harris 160.

The opinion of the court was delivered, November 9th 1860, by

WOODWARD, J.—The defendants in error, plaintiffs below, brought this action against a husband and wife, with a view of charging the wife's separate estate with the price of a piano. Upon the evidence the plaintiffs' case was well made out. The proof was that the wife went to the plaintiffs' shop and ordered the piano in person,—that she negotiated the price and terms of payment,—that it was charged to her on the plaintiffs' books,— and that she was the first signer of the three notes given for the price, her husband undersigning, not only that he might be bound as her surety, but that his assent to her act might be signified.

The court submitted to the jury, with appropriate observations, the question whether the piano was necessary for the support of the family of the said husband and wife, and they found that it was.

It is impossible to state a comprehensive definition of family necessaries. They must be left for cases to define as cases arise. It is not to be doubted that in some circumstances a piano would be necessary to the support of a family, as where the wife should teach music for a livelihood, or a daughter was to be educated, for education may fairly enough be included in the word support. In other circumstances it would be a luxury and not a necessary. The best the judge could do with such a question was to commit

it to the jury under all the evidence, and to accompany it, as was done in this case, with observations calculated to give the deliberations of the jury a right direction.

Nor have the plaintiffs in error any reason to complain of the judge's answers of the several points.

As the case was tried, therefore, we see no error that sustains any one of the assignments of error. But still we are unwilling to affirm the judgment, because the pleadings disclose no cause of action against the wife. It is not enough that a cause of action was proved; it should be declared also. And the importance of proper pleadings will be appreciated when we reflect that the record will prove that no other cause of action was tried or decided than that which is set forth in the plaintiffs' *narr.* The effect and meaning of a record depend on the pleadings rather than the proofs; and hence, if we should affirm this judgment, we would make the record bear false witness; for, according to the pleadings, the wife's estate would not be liable at all, whereas, in truth and fact, a good cause for charging her estate was proved in the evidence. The evidence forms no part of the record—the pleadings the most essential part.

How then does the case stand on the pleadings ? The common money counts seem to have constituted the plaintiffs' declaration in the first instance, but they amended it by filing two additional counts, the first of which lays a debt contracted by the wife, but does not allege that it was contracted for necessaries. In the second amended count the debt is charged to have been for necessaries furnished to the defendants at *their* special instance and request. The first count is defective in omitting one of the statutory requisites, the second in omitting another. They are independent counts, and cannot help each other. They should be self sustaining. Each should contain a perfect cause of action. Neither does, for according to the reading of the 8th section of the Married Woman's Act, which was adopted in Murray *v.* Keys, 11 Casey 384, the wife's estate is liable only when the debt is contracted by herself *and* for necessaries. A joint contract by her and her husband does not make her liable for necessaries— and nothing more than a joint purchase is laid in the second count.

Without a cause of action declared of record against the wife, we cannot sustain a judgment intended to be levied on her estate.

And it may be important to the plaintiffs to correct their pleadings, for as the counts are all upon the consideration of the three notes that were given for the piano, it is possible that this judgment, if sustained, may be pleaded against suits on the two notes that were not due at the institution of the present action. According to the record this is not a judgment for one of those

[Parke and Wife *v.* Kleeber & Brother.]

notes, but for the consideration of all of them—another instance in which this record would not import absolute verity.

It is not safe to affirm a judgment on pleadings so defective, and therefore it is reversed, and a *venire facias de novo* awarded.

THOMPSON, J., dissents to that portion of the opinion which affirms the ruling of the court in referring to the jury the question of the piano being necessary within the meaning of the Act of Assembly.