## Berger *et ux. versus* Clark.

1. The proviso in the 6th sect. of the Act of April 11th 1848 (Married Women), is not intended to enlarge her power to contract debts.

2. The clauses of the act relating to debts for which she may be liable are to be so construed as to limit them strictly to the purpose of protection, and not so as to expand her contract capacity or liability.

3. In an action against a wife for necessaries both the pleadings and evidence must make out a case of liability under the 8th section of the Act of 1848.

4. The pleadings must set out a debt *contracted* by the wife *and* that it was for articles necessary for the support of the family of the husband and wife.

5. A joint contract of husband and wife is insufficient to charge her separate estate.

6. The husband must be *held* jointly with the wife, because no action will lie against her even for necessaries for their family without joining him, as his estate is primarily liable to execution.

7. The wife's estate is not liable until an execution against the husband shall have been returned " *nulla bona.*"

8. The declaration in this case set out a joint contract of husband and wife ; *Held*, that there could be no recovery under it.

9. To bind a wife the contract must be on her own behalf, not as acting for her husband.

10. When the wife takes up necessaries for the family of her husband and herself, the primary presumption is that she is acting as his messenger or agent ; the primary duty of furnishing necessaries being on him.

11. The evidence must overcome the presumption and show that the wife is acting in her own right, in order to bind her separate estate.

12. A wife cannot be made liable for necessaries by subsequent declarations alone, without primary evidence tending to raise a presumption to bind her separate estate ; subsequent declarations may be corroborative.

13. A subsequent *promise* to pay for necessaries procured by the husband, for which he alone is liable, is not within the intention of the law ; it would be but a promise to pay the debt of another, and therefore *nudum pactum.*

14. The essence of her liability under the act for necessaries is that the creditor furnishes them on her credit.

October 15th 1875.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1875, No. 190.

This was an action of assumpsit, commenced September 22d 1874, by H. H. Clark and Michael Berger and Maria Berger, his wife.

The declaration was :—

"Michael Berger and Maria Berger, his wife, of said county, were summoned to answer H. H. Clark, M. D., of a plea of trespass on the case, whereupon the said plaintiff, by John Barton, his attorney, complains, for that whereas the defendants on the 17th day of September, in the year of our Lord 1874, * * * were indebted to the said plaintiff in the sum of $500, for the price and value of goods then and there sold and delivered by the

.[Berger v. Clark.]

plaintiff to the defendants, at their request. And in the sum of $500 for the price and value of work then and there done, and materials provided for the same by the plaintiff for the defendants, at their request. And in the sum of $500 for money then and there lent by the plaintiff to the defendants, at their request. And in the sum of $500 for money found to be due from the defendants to the plaintiff, on an account then and there stated between them. And in the further sum of $500 for services rendered by said plaintiff, as a physician and surgeon, to a minor son of the said defendants, at the special instance and request of the said Maria Berger above named, &c. And, whereas, the defendants * * * in consideration of the premises, respectively, then and there promised to pay the said several sums of money, respectively, to the plaintiff on request," &c.

-The plea was non-assumpsit, &c. Mrs. Berger also pleaded her coverture.

The question in the case was as to the liability of the separate estate of the wife under the declaration. and the evidence, for the medical attendance of the plaintiff upon the son of the defendants.

The case was tried May 5th 1875, before Kirkpatrick, J.

The plaintiff testified himself, and gave evidence by several witnesses of the services for which he claimed to be paid, and the circumstances under which they were rendered. The services commenced in August 1869 and ended May 16th 1870. He had been called into the house by the father to examine the arm of their son which was broken or otherwise injured ; the son came to the plaintiff's office, sometimes with his mother and sometimes by himself; most of his conversation was with Mrs. Berger, but he never had any contract with her. Upon the occasion when he was called by the father to look at the boy's arm, the father said he thought the boy would get well without anything being done to the arm; she said something must be done with it.

Under objection by the defendants and exception, the court admitted the testimony of Samuel Cabert for the plaintiff, viz.:—

Q. Did or did not Mrs. Berger ever make any statements to you about laying out a plan of lots, and commencing to make sales for the purpose of paying Dr. Clark his bill, or words to that effect and meaning? The time is supposed to have been August 1874?

A. She stated, when we had that conversation—she said that she intended to pay Dr. Clark whenever she has the money; that is all what I know about it.

Q. Was there anything said about laying out lots?

A. Well, it was spoken about them lots at that time, but there was none sold, so far as I know; there was no money coming in.

Q. Now, the date of this conversation?

A. I cannot remember that. It was some time last summer.

[Berger *v.* Clark.] .

On cross-examination :—

Q. You say she just said she wanted to get some money to pay Dr. Clark ?

A. She said that whenever she got some money she would pay it.

Q. Where did she say this ?

A. It was in her saloon where she lived, at East Liberty.

Q. That was along last summer ?

A. Yes, sir.

Q. Was Michael Berger present ?

A. No, sir, not that I know of.

Also of Mrs. Catharine Clark, the wife of the plaintiff :—

Q. Did you ever hear her say anything about paying the doctor ?

A. The last time she was in the office, she had her son with her.; I don't know what his ailment was then.  I could not give you the day of the month or the day of the year.  It was when they were grading Penn avenue.  It is between four and five years. She was going out, and the doctor said, I have done so much for your family, it is time you would pay me now ; I don't want to sue you, and she said, I pay you, you lose not one cent.  That is all I heard her say.

On cross-examination :—

Q. That was after the doctor had prescribed for the boy ?

A. I don't know what he had done.

Q. As they were leaving, the doctor made this remark to her ?

A. Yes, sir.

Q. You never saw them there since ?

A. No, sir.

Q. You don't know that the doctor has performed any service since ?

A. No, he did not perform any services since.

The verdict was for the plaintiff for $200.

The defendant, Mrs. Berger, moved in arrest of judgment, for the following reasons :—

1. Under the declaration in the case, the plaintiff is not entitled to judgment against her.

2. There is no evidence in the cause sufficient to sustain a judgment as against her.

The court overruled the motion and entered judgment on the verdict.

The defendants took a writ of error and assigned for error :—

1, 2. The admission of the evidence objected to.

3. Not arresting the judgment for the first reason assigned in the motion.

3. Not arresting the judgment for the second reason assigned.

[Berger *v.* Clark.]

*A. Blakely*, for plaintiffs in error.—Under the Act of April 11th 1848, sect. 8, Pamph. L. 536, 2 Br. Purd. 1006, pl. 8, a married woman's estate cannot be charged for necessaries unless contracted for by her and furnished under the contract. She cannot bind her estate by an agreement after the services are rendered. The declaration should have averred that the debt was for necessaries: Murray *v.* Keyes, 11 Casey 384; Parke *v.* Kleeber, 1 Wright 251.

*J. Barton*, for defendant in error.—Had the objection been made to the declaration in the proper time it might have been amended; the Supreme Court will consider it as if amended: Barnhill *v.* High, 3 P. F. Smith 136. Services rendered by a physician are necessaries: Reed's Estate, 4 Phila. R. 375; Parke *v.* Kleeber, *supra.*

Chief Justice AGNEW delivered the opinion of the court, January 6th 1876.

It has been the endeavor of this court so to construe the Married Woman's Act of 11th April 1848, as to advance its true purpose, and not to make her condition less favorable, by an interpretation that endangers her real interests. A review of the judicial decisions upon the act, by Justice Woodward, may be found in the case of Pettit *v.* Fetz, Ex'r, 9 Casey 120. The case of Mahon *v.* Gormley, 12 Harris 80, states the object of the act very clearly. Lewis, J., remarks that it was intended for their protection, not for their injury, and must receive such a construction as shall promote that object. The proviso to the principal section—" That nothing in this act shall be construed to protect the property of any such married woman from liability for debts contracted by herself, or in her name, by any person authorized so to do," or "for her torts," is not to be construed as enlarging her power to contract debts. "Its object (he continues) is merely to make her estate liable for her torts and for debts lawfully contracted by her." "In general, therefore, a married woman is incapable of contracting debts. Her capacity and liability are exceptional cases." Hence in interpreting the special clauses of the act relating to the debts for which she may be held liable, the cases show that they have been so construed as to limit them strictly to the purpose of protection, and not loosely, so as to expand her contract capacity or liability. This will be seen in the following cases: Mahon *v.* Gormley, *supra;* Pettit *v.* Fetz, Ex'r, *supra;* Murray *v.* Keyes, 11 Casey 384; Parke *v.* Kleeber, 1 Wright 251; Glidden *v.* Strupler, 2 P. F. Smith 400; Cleaver *v.* Scheetz, 20 Id. 496. It has been held, therefore, in interpreting the 8th section of the Act of 1848, as to her liability for necessaries, that both the pleadings and the evidence must

make out a case.of liability under it. The pleadings must set out a debt *contracted* by the wife, *and* that it was incurred for articles necessary for the support of the family of the husband and wife, and the evidence must establish these facts : Murray *v.* Keyes, *supra;* Parke *v.* Kleeber, *supra;* Bear's Estate, 10 P. F. Smith 430; Davidson *v.* McCandlish, 19 P. F. Smith 169. As a corrollary from these propositions, it has been held that a *joint* contract of the husband and wife is insufficient to charge her separate estate. The husband, it is true, must be sued jointly with her, because no action will lie against her, even for necessaries for their family, without joining him, as his estate is primarily liable to execution under the 8th section. *Her* estate is not liable until an execution against *him* shall have been returned no property. See the cases cited *supra.* In Murray *v.* Keyes, the declaration charged them jointly upon the common counts, followed by a special count setting forth that goods, wares and merchandise were " furnished to the said defendants at their special instance and request, such goods, wares and merchandise being articles necessary for the support of the family of said defendants." The wife was held to be not liable, this court saying " that the pleadings as well as the evidence failed to make out a case charging the wife." The same point was decided in Parke *v.* Kleeber. In that case one count was for a further sum of $150 for a debt contracted by the said Catharine Parke herself, wife of the said R. W. Parke, with and to the plaintiffs. The other count was for the " further sum of $150 for necessaries furnished by the plaintiffs to the defendants at *their* special instance and request, for the maintenance and support of the family of said defendants."

The first count was held to be bad, because it did not set forth that the debt was for necessaries for the family, and the second was bad because it set forth a *joint* contract. In the present case, the declaration contained the common counts for goods sold, work done, and money advanced to the defendants jointly, followed by a count in these words : " And in the further sum of five hundred dollars for services rendered by said plaintiff, as a physician and surgeon, to a minor son of the said defendants, at the special instance and request of the said Maria Berger above named." The predicate of all the counts was " for that whereas the defendants " " were indebted," &c., and the conclusion was that the " defendants " made the several promises preceding. Thus it is clear the action was founded on the joint contract of the husband and wife, and not on the separate and special contract of the wife for necessaries.

The judgment must be reversed on the third and fourth assignments of error upon the refusal of the court to arrest the judgment because of the insufficiency of the declaration. The reason given under the fourth error—that the evidence was not sufficient, does

not belong to a motion in arrest of judgment, but to one for a new trial.   But we may add that there was no sufficient evidence of a separate contract of Mrs. Berger in her own right.   The evidence shows no more than a mere request 'in the ordinary way to attend her son, in which she was acting for her husband, rather than with an intention to bind herself to pay the debt out of her own estate.

It is a necessary consequence of the decided cases that she must contract in her own behalf.   The evidence must as clearly prove this as the pleading must aver it.   The primary presumption, when a wife takes up necessaries for the family of her husband and herself, is, that she is acting as his messenger or agent, for on him lies the primary duty of furnishing and paying for them.   The evidence must overcome this presumption and satisfy the jury that she is acting in her own right, in order to bind her separate estate. There was no such evidence here, and hence the plaintiff endeavored to make out his case by her subsequent declarations, to which exceptions were taken.   But a wife cannot be made liable for necessaries by subsequent declarations *alone*, without primary evidence of facts tending to raise a contract to bind her separate estate.   Her subsequent declarations may be corroborative, but cannot alone stand for full proof, without subjecting her to the very dangers it is the purpose of the law to avoid.   Even her subsequent promise to pay for necessaries procured by her husband, and for which he alone is liable, would not come within the intention of the law.   It would be simply a promise to pay the debt of another, and as to her would be *nudum pactum*.   The law enables her to bind herself to pay for necessaries obtained for the family of her husband and herself, but the very essence of the transaction is that the creditor furnishes them on her credit.   If not furnished on her credit there can be no contract on her part to pay for them.   Even a joint contract it is said is insufficient. The proviso to the 8th section reads thus : " That judgment shall not be entered against the wife in such joint action, unless it shall be proved that the debt sued for in such action was contracted by the wife, or (and) incurred for articles necessary for the support of the family of the said husband and wife."   If subsequent declarations alone were sufficient to raise a promise to pay, the dangerous influence or coercion of the husband, which the law seeks to avoid, or the machinations of creditors, might easily be brought into play at once.   Ordinarily persons *sui juris* may make binding acknowledgments of past transactions, but to apply that to a wife would take away the protection intended not only by the entire spirit of the act, but of the proviso when it requires proof that the debt was actually contracted by the wife in her own behalf.   This proof is the criterion of her liability, not a mere acknowledgment.   As remarked in Glidden *v*. Strupler, 2 P. F. Smith 403 (on another

[Berger *v.* Clark.]

branch of the wife's estate), ratification or expressions of ratification cannot infuse life into that which has no vitality.

To argue that because admissions are a common law means of proof, and therefore not to be rejected, is simply to contend that such evidence is not subordinate to the true spirit and intent of the Act of 1848. It is that we seek to advance, but if we hold that mere naked admissions of a prior contract are sufficient to bind her, without any evidence of a contract in fact, concurrent with the time of its execution, we expose the wife to the effect of intimidation, coercion, fraud, and the various means of extracting from her admissions, to stand in lieu of the proof manifestly required by the law.                     Judgment reversed.

WILLIAMS and MERCUR, JJ., concur in the reversal of the judgment, but dissent from so much of the opinion as rules that the admissions of a married woman of her agreement to pay for the necessaries at the time she procured them are not sufficient evidence, under the act, to establish such a contract.