# Mary M. Moore, Admrx., v. William Copley and Rose Copley, Appellants.

*Practice, C. P.—Reservation of question of law.*

An instruction to find a verdict for plaintiff " subject to the opinion of the court on legal points reserved," is an insufficient reservation of a question of law. The legal questions reserved should be placed upon the record either by a special verdict, or by a distinct reservation stating the questions of law held under advisement.

*Married women—Necessaries—Physician—Book entries—Express agreement—Presumption—Agency—Evidence.*

Where a husband and wife live together, the husband is bound to provide necessaries for the support of the family, and if the wife orders such necessaries, she will not be liable to pay for them out of her separate estate, unless she expressly agrees to do so. Her undertaking is never presumed, but must be shown affirmatively.

Where a married woman living with her husband sends for a physician, she is presumed to be acting as the agent of her husband, and pledges his credit only. In such a case the physician's books showing

charges against the married woman, are insufficient to fix liability upon her for the services rendered, in the absence of any evidence of her agreement to pay for them out of her separate estate.

Argued Oct. 17, 1894.   Appeal, No. 282, Oct. T., 1894, by defendants, from judgment of C. P. Butler Co., June T., 1892, No. 95, on verdict for plaintiff.   Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ.   Reversed.

Assumpsit on book account for services, rendered by plaintiff's intestate, as physician, to defendant, a married woman. Before Greer, P. J.

This action came by appeal from the judgment of an alderman.   Rose Copley is not named in the appeal as a married woman.   The alderman's transcript and plaintiff's statement are not printed in the paper-books, but appellants state that "the pleadings fail to embrace the husband."   Rose Copley filed a plea of coverture.

At the trial plaintiff offered in evidence the books of her intestate showing charges against defendant, a married woman, for professional services.   There was no evidence that defendant had agreed to pay for the services out of her separate estate.   The court gave binding instructions for plaintiff "subject to the opinion of the court, on legal points reserved."

Defendant's points were among others as follows :

"The books of a decedent have never been allowed to fasten the liability on a married woman's estate for necessaries claimed to have been furnished on her credit; it would be most unsafe to extend to them this power—the proof was unsatisfactory.   (111 Pa. 66.)"

"5. The presumption is that any debts incurred by a married woman are so incurred as the agent or representative of her husband.   (79 Pa. 344 ; 35 Pa. 389.)"

Verdict for plaintiff.   The court subsequently entered judgment for plaintiff on the verdict, in an opinion by Greer, P. J.

*Error assigned* was entry of judgment as above.

*Thomas Robinson,* for appellants.—Neither the books of original entry nor plaintiff's statement is sufficient to hold the hus-

band since the act of 1887 : Parke v. Kleeber & Bros., 37 Pa. 251; Abell v. Chafee, 153 Pa. 254; Milligan v. Phipps, 153 Pa. 208.

Under the act of 1848, before the passage of the act of 1887, a wife could become liable for necessaries furnished for the use of herself and family, but she must have agreed to be thus held : Hoff v. Keorper, 103 Pa. 396; Berger v. Clark, 79 Pa. 340.    The act of 1887 was on this point a repetition of the act of 1848.

*J. M. Galbreath, J. B. McJunkin* with him, for appellee.— The act of June 3, 1887, " unfetters a married woman for three purposes, viz : (*a*) when she engages in trade or business ; (*b*) in the management of her own estate; and (*c*) for necessaries : " Real Estate Co. v. Roop, 132 Pa. 496.

In Koechling v. Henkel, 144 Pa. 219, this Court, in discussing the question of a married woman's liability, say that " as to every contract which she is authorized to make, her rights and responsibilities are those of a feme sole."

The authorities which were applicable to questions arising before the passage of the act of 1887, are entirely inapplicable now : Abell v. Chaffee, 154 Pa. 257.

OPINION BY MR. JUSTICE WILLIAMS, Jan. 7, 1895 :

This appeal brings before us an extraordinary record.    The action was brought against a married woman in order to charge her separate estate with the amount of an account for medical services rendered to herself and her children while living with her husband.    Upon the trial in the court below, and at the suggestion of the learned trial judge, a verdict was taken by consent in favor of the plaintiff for the amount of the account " subject to the opinion of the court on legal points reserved." This appears upon the minutes of the trial, and regularly the points reserved should then have been put upon the record either by a special verdict or by a distinct reservation stating the question of law held under advisement.    The points reserved are not stated in any manner on the record, and for this reason, if for no other, the judgment should be reversed.    But we have groped through the defendant's points, and the opinion of the court, to satisfy ourselves upon what question the judg-

ment of the court appeared to rest, in order if possible, to save a retrial of this small case.   We conclude that the fourth and fifth points of the defendant raised the only legal question in the case, and that the reservation was therefore intended to be of the question whether a book account against a married woman afforded proof, prima facie, both of the services rendered and of the express undertaking of such married woman to subject her separate estate to liability for their payment.   The learned judge ruled this question in favor of the plaintiff and accordingly entered judgment in his favor.   In speaking of this question he said that a book account against a married woman " would have the same weight, force and effect towards proving a contract or promise on her part to pay the debt as an ordinary book account would have against any individual."   This statement overlooks the disability of the married woman and the primary liability of the husband for the support of his family.

While the power of the husband over the separate estate of his wife has been taken away, his liability for her support and that of his children remains.   He is, at least for the purpose of providing necessaries, the head of his household, and he is liable for such necessaries furnished to his wife and children whether with or without his knowledge.   His wife is not liable unless she expressly undertakes to become so.   Her undertaking is never presumed, but must be shown affirmatively.   The act of delivery of the goods to her, or the fact that the creditor has chosen to charge them to her, is not enough.   This might tend to show the desire of the creditor to reach her estate, but it does not tend to show her agreement that he shall do so.   If, as we assume, this was the question reserved, the judgment should have been entered in favor of the defendant non obstante veredicto.   It was the duty of the plaintiff to show, in addition to the entries upon his books debiting the married woman with his medical services rendered to her and her children, her promise to pay.   In the absence of such proof the legal presumption is that in sending for a physician she was acting as the agent of her husband and pledging only his credit.

The judgment appealed from is now reversed, because, first, no reserved question is stated in any manner on the record; and, second, because upon the only legal question raised by the defendants' points the ruling of the court below was erroneous.