## William Roll, Agent, Appellant, v. Ellen Davison.

*Married women—Necessaries—Liability of husband—Res judicata—*
*Parties—Admission of record.*

A husband is primarily liable for necessaries although they were contracted for by the wife on the credit of her own separate estate.

Suit against the husband alone for necessaries has usually been held conclusive against the liability of the wife, because it is an averment or admission of record that the goods were sold on his credit and not on hers.

Where a suit has been brought against husband and wife before a justice of the peace for necessaries, and the judgment against the wife had been erroneously reversed by the common pleas, but the judgment against the husband sustained, the plaintiff may subsequently bring an action against the wife alone.

Argued Oct. 24, 1894. Appeal, No. 102, Oct. T., 1894, by plaintiff, from judgment of C. P. No. 1, Allegheny County, March T., 1892, No. 314, for defendant non obstante veredicto. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Reversed.

Appeal from alderman. Before Stowe, P. J.:

The jury returned the following special verdict:

" Verdict for plaintiff in the sum of $153.04, subject to the opinion of the court on the question of law reserved, to wit: whether the judgment against the husband of defendant offered in evidence is a bar to plaintiff's right to recover in this action."

The following opinion was filed by Stowe, P. J.:

" On April 22, 1891, an action was brought by William Roll, the plaintiff in this case, against Samuel Davison and Ellen Davison, his wife, for $133.04 for groceries sold and delivered to defendants by plaintiff, before alderman E. L. Braun of Allegheny City, and a judgment obtained April 28, 1891, against both defendants for said amount, $133.04 and costs of suit. The defendant, Ellen Davison, took a certiorari to Common Pleas Court No. 2. The judgment against Ellen Davison was reversed and against Samuel Davison affirmed upon hearing of the certiorari, and thereupon judgment entered on præcipe of plaintiff's attorney against Samuel Davison for $133.04, July 14, 1891. On Dec. 8, 1891, another action was brought against

Ellen Davison for the sum of $133.04, being the same claim upon which the previous action was brought against Samuel Davison and Ellen his wife, setting out that the groceries for which suit was brought were necessaries for the use of defendant's family and sold to her upon her credit. Upon this suit judgment was entered by the magistrate Dec. 23, 1891, for $133.04.

" The defendant, Ellen Davison, appealed from this judgment and the same came on for trial in this court Oct. 19, 1893.

" Upon the trial it was objected that this judgment in the Court of Common Pleas No. 2 for the same cause of action against her husband was a bar to a verdict in this proceeding and the court pro forma refused to charge the jury to that effect and directed a verdict for plaintiff in case they were satisfied that the articles were sold upon a contract made by defendant herself upon the credit of her separate estate and were necessaries, subject to the opinion of the court upon the question reserved as to whether the judgment obtained in Common Pleas No. 2 against Samuel Davison, the husband of this defendant, for the same subject-matter, was a bar to this action.

" Upon this question we are of opinion that the law is with defendant and that said judgment is a bar to this suit and that judgment should be entered upon the question of law reserved in favor of defendant. The case of Butcher v. South, 31 Leg. Int. 4, seems directly in point and fully accords with our own view of the law.

" Judgment is therefore now directed to be entered in favor of defendant non obstante veredicto on payment of verdict fee."

*Error assigned* was entry of judgment.

*Frank Whitesell, William W. Whitesell* with him, for appellant, cited : Jenkinson v. Hilands, 25 Pitts. L. J. (N. S.) 96 ; Sheldon v. Kibbe, 3 Conn. 214 ; Morgan v. Chester, 4 Conn. 387 ; Olcott v. Little, 9 N. H. 259.

*A. C. Johnston,* for appellee, cited: Berger v. Clark, 79 Pa. 340 ; Butcher v. South, 31 Leg. Int. 4.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895 :

The husband is primarily liable for necessaries although they

were contracted for by the wife on the credit of her own separate estate, Berger v. Clark, 79 Pa. 340, and it was proper therefore to join him with her in the first action. The reasons for the reversal as to the wife by the Court of Common Pleas No. 2 do not appear, but as it was upon depositions on a certiorari it was clearly erroneous. But even if regular it would not prevent a second action. There was no judgment for the wife on the merits of the case, which would be conclusive.

Suit against the husband alone for necessaries has usually been held conclusive against the liability of the wife, because it is an averment or admission of record that the goods were sold on his credit and not on hers. No such conclusion follows in the present case because plaintiff brought his first action in proper form to charge both. The restriction of his recovery to the husband alone was no fault of his, but the action of the court in invitum. He could not join the husband in the second suit because as to the husband the judgment in the first suit was a bar. But as to the wife it was not, and the present action was therefore from the necessity of the case brought against her alone. The jury have found that the goods were sold to her on her separate credit. It was error to enter judgment in her favor against this finding.

Judgment reversed, and judgment directed to be entered for plaintiff on the verdict.