## Clothier, Appellant, *v.* Wolff.

*Husband and wife — Family necessaries — Liability of wife — Wife's promise to pay—Act of April 11, 1848, P. L. 536.*

In an action brought against a husband and wife under the Act of April 11, 1848, P. L. 536, for the price of family necessaries, no recovery can be had against the wife, unless it is proven that she promised to pay for them. Proof that the goods were necessaries, that they were purchased by the wife and charged to her, is insufficient in the absence of a promise to pay on her part.

Argued Nov. 24, 1916.   Appeal No. 360, Oct. T., 1915, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1912, No. 1446, for defendant n. o. v. in case of Morris L. Clothier, Frederic H. Strawbridge, Robert E. Strawbridge, Isaac H. Clothier, Jr., and Francis B. Strawbridge, trading as Strawbridge & Clothier, v. Scott L. Wolff and Margaret Wolff, his wife. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit against husband and wife for family necessaries.   Before FINLETTER, J.

At the trial the jury returned a verdict for plaintiffs for $95.53.   Subsequently the court entered judgment for defendant n. o. v.   Plaintiffs appealed.

*Error assigned* was in entering judgment for defendants n. o. v.

*C. W. Conard,* of *Conard, Middleton & Orr,* for appellants.—The wife was liable in her separate estate. Bear's Est., 60 Pa. 430; Davidson v. McCandlish, 69 Pa. 169; Fenstermacher v. Xander, 116 Pa. 41.

*Vincent A. Carroll* and *Frank A. Harrigan,* for appellee, cited: Berger v. Clark, 79 Pa. 340.

OPINION BY WILLIAMS, J., April 16, 1917:

This action was brought upon a book account against the defendants to recover for goods sold and delivered. It appears that they are husband and wife, and that the husband had been discharged in bankruptcy.

The plaintiffs' bookkeeper testified that the bills were sent in the name of Mrs. Wolff, but that he did not know to whom the credit was extended.   It was admitted that the goods were family necessaries, and were purchased by Mrs. Wolff, but the plaintiffs failed to prove that she had undertaken to pay for them.

The court below, after directing a verdict for the plaintiffs, entered judgment n. o. v. for the defendant, Mrs. Wolff, because the plaintiffs had failed to prove that she had undertaken to pay for the goods.   The single assignment of error questions the correctness of this ruling.

Under the common law, the husband is alone liable for the support of the family.   The Act of April 11, 1848. P. L. 536, while preserving this liability, created under certain circumstances a secondary liability against the separate estate of the wife.   The proviso in the eighth section

330      CLOTHIER, Appellant, *v.* WOLFF.

of the act is "that judgment shall not be rendered against the wife,......, unless it shall have been proved that the debt sued for......was contracted by the wife, or incurred for articles necessary for the support of the family of the said husband and wife." The word "or" is to be read "and": Murray v. Keyes, 35 Pa. 384; Parke v. Kleeber & Brother, 37 Pa. 251. It is, therefore, necessary that the creditor prove not only that the goods furnished were necessaries, and used in the family, but also that the wife undertook to pay for them: Berger v. Clark, 79 Pa. 340. Presumptively the wife acts as the husband's agent in the purchase of family necessaries, and the burden of proof rests on the plaintiff to establish an undertaking on her part to pay for them: Moore v. Copley, 165 Pa. 294.

The plaintiffs have failed to meet this burden. There is no proof that Mrs. Wolff agreed to pay for the goods. The fact that they were charged to her is not sufficient: Moore v. Copley, supra. No implied promise to pay arises from the receipt of the goods by the wife. Under the act she remains free from any liability until the fact affirmatively appears that she bought on her own credit. She cannot be made liable by implication: see Brouse v. Oliger, 36 Pa. Superior Ct. 399, cited by appellants, where RICE, P. J., reduced the amount of the judgment against the wife by striking out the item as to which there was no proof that the wife had expressly agreed to pay.

The judgment is affirmed.