## Illioff v. Dimeff et ux.

*Practice, C. P.—Pleading—Statement — Sufficiency — Parties — Husband and wife—Purchase of necessaries—Joint action.*

1. An action to recover upon a book account for family necessaries, which a married woman purchased and promised to pay for, must be brought jointly against the husband and the wife.

2. A statement of claim in an action against husband and wife, which shows that necessaries were furnished the family upon an oral contract by the wife, including a promise on her part to pay for the same, and that the goods so sold and delivered were charged against the husband and wife, is sufficient as matter of law to require an answer on the part of defendants.

Statutory demurrer. C. P. Dauphin Co., Jan. T., 1921, No. 497.

*Oscar G. Wickersham,* for plaintiff; *Maurice R. Metzger,* for defendants.

Fox, J., Nov. 23, 1922.—The plaintiff has brought an action on a book account against Tale Dimeff and Para Dimeff, his wife, and has filed a statement and amended statement, to which the defendants filed an affidavit of defence raising questions of law as follows:

"1. Under the law, a joint purchase of necessaries by husband and wife is regarded in law as the contract of the husband alone.

"2. Book entries, charging necessaries to a husband and wife jointly, are presumptive evidence of a sale on his credit alone.

"3. It cannot be determined from the statement as filed whether the claim is based upon a joint contract of the husband and wife together, or whether two separate contracts are sued on; one the contract of the wife, and the other the contract of the husband. It is respectfully submitted that the defendants are entitled to definite information on this point before they, or either of them, should be required to answer.

"4. It is not alleged anywhere in the statement whether the contract or contracts upon which this suit is based was in writing or verbal."

1 and 2 are correct statements of law, but they do not dispose of the whole or any part of the claim.

3. The statement shows that necessaries for the family were orally contracted for by the wife, and for which she promised to pay. These were delivered to the home of the defendants by the plaintiff and charged in the book of original entry against the husband and wife, the defendants. This, we think, is sufficiently definite to require an answer on the part of the defendants.

4. The plaintiff's statement of claim does show that Para Dimeff orally contracted for the goods set forth in Exhibit A.

The affidavit of defence does not deny the liability of the husband. Under the common law, the husband is liable, and not the wife, for the necessaries of life furnished to the family of both. Under the Act of April 11, 1848, P. L. 536, the liability of the husband is still preserved, but the separate estate of the wife may become secondarily liable under certain circumstances. Under the provisions of this act, judgment shall not be rendered against the wife

3 D. & C.

unless it shall have been declared and proved that the debt sued for was contracted by her and that it was incurred for articles necessary for the support of the family of said husband and wife. The pleadings must set out a debt contracted by the wife and that it was incurred for articles necessary for the support of the family of the husband and wife. We think the pleadings in this case comply with this requirement. They must be sued jointly, because no action will lie against her for necessaries for the family without joining him, as his estate is primarily liable: Murray v. Keyes, 35 Pa. 384; Parke v. Kleeber, 37 Pa. 251; Berger v. Clark, 79 Pa. 340.

Wherefore, it is ordered, adjudged and decreed that the defendant file a supplementary affidavit of defence to the averments of fact in the statement within fifteen days.

From William Jenkins Wilcox, Harrisburg, Pa.