## McWilliams's Estate.

*Husband and wife—Necessaries—Burden of proof—Decedents' estates.*

1. A married woman is not liable for necessaries furnished to her unless she expressly undertakes to become so.

2. The estate of a deceased married woman cannot be charged with necessaries furnished to her in her lifetime by the production of the seller's books of account showing charges against her. There must be proof that she expressly agreed to pay for them.

Exceptions to auditor's report. O. C. Crawford Co., Sept. T., 1923, No. 42.

*Fred C. Kiebort* and *Albert L. Thomas*, for exceptants.

*Otto Kohler*, contra.

PRATHER, P. J., Sept. 2, 1924.—Upon the part of the Independent Dry Goods Company and Date Hunter exceptions were filed to the auditor's report disallowing their respective claims. These exceptions may be classified under two heads:

First, that the auditor erred in holding that any part of the estate for distribution was a trust estate and not liable to the creditors of Jessie McWilliams.

Second, the auditor erred in not allowing the claim of the two said exceptants.

At the time said bills were contracted Jessie McWilliams was a married woman and living with her husband in the City of Meadville, but was deserted

McWilliams's Estate.

by him on Dec. 8, 1922. The bill of the Independent Dry Goods Company consists of a running account for articles of dry goods suitable for home necessities, beginning May 21, 1921, and all but one spool of thread included in said bill was contracted and delivered during the continuance of said marital relations. The bill of Date Hunter is for milk, the major part of which was delivered prior to said separation. Both of said bills were charged, it appeared from the account rendered, as well as by the probated account duly sworn to, to decedent, Jessie McWilliams, at the time when they were contracted.

It is not an important fact, but it does not appear that Jessie McWilliams, at the time said bills were contracted, owned any property, and the evidence is that she became the legal owner of the real estate producing the major part of this fund on May 23, 1923.

The auditor erroneously assumed that the realty producing this fund was either the property of the decedent's children or that the title jointly vested in her and them. Decedent's interest to this estate is evidenced by a sheriff's deed, in which Edith Gross is named as trustee for Jessie McWilliams. Decedent's children are not referred to specifically nor generally as having any interest in said conveyance. It follows that the entire fund for distribution is the estate of Jessie McWilliams, without any trust imposed upon it.

The next question arising is whether exceptants are entitled to participate in this distribution under the proofs offered. Does the offering of a probated account showing a charge against a married woman for necessaries make a *prima facie* case? This question is well answered in Moore *v.* Copley, 165 Pa. 294, 297. In that case the lower court held that the book account charged to a married woman established her liability. On appeal from this judgment, and in discussing this proposition, the Supreme Court said: "While the power of the husband over the separate estate of his wife has been taken away, his liability for her support and that of his children remains. He is, at least for the purpose of providing necessaries, the head of his household, and he is liable for such necessaries furnished to his wife and children, whether with or without his knowledge. His wife is not liable unless she expressly undertakes to become so. Her undertaking is never presumed, but must be shown affirmatively. The act of delivery of the goods to her, or the fact that the creditor has chosen to charge them to her, is not enough. This might tend to show the desire of the creditor to reach her estate, but it does not tend to show her agreement that he shall do so. . . . It was the duty of the plaintiff to show, in addition to the entries upon his books debiting the married woman with his medical services rendered to her and her children, her promise to pay. In the absence of such proof, the legal presumption is that in sending for a physician she was acting as the agent of her husband and pledging only his credit." See, also, Clothier *v.* Wolff, 66 Pa. Superior Ct. 328; McCreery *v.* Scully, 67 Pa. Superior Ct. 524; Kaplan *v.* Baron, 68 Pa. Superior Ct. 514.

As the exceptants offered no evidence concerning decedent's undertaking to pay for any of the goods included in their respective bills, it follows, under the authorities cited, that neither of them is entitled to any payment out of her estate. Hence, the rejection of these claims by the auditor, though for erroneous reasons, constituted no error in law. It follows that the report and distribution should be confirmed.

And now, Sept. 2, 1924, the exceptions that the auditor erred in disallowance of the claims of said respective exceptants are overruled, and distribution of the assets of said decedent, as reported by the auditor, is hereby confirmed absolutely.