### Estate of Cora A. McGinnis, Deceased.

Argued April 17, 1933.

Before Trexler, P.
J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Lewis C. Walkinshaw*, for appellants, cited: Collins' Estate, 83 Pa. Superior Ct. 31; Goodhart's Estate, 278 Pa. 381; Winfield v. Beaver Trust Company, 229 Pa. 530.

*Paul K. McCormick*, for appellee.

Opinion by Baldrige, J., July 14, 1933:

Cora A. McGinnis died testate on November 2, 1929. She devised and bequeathed all her property to her husband and appointed him executor. He died a short time prior to his wife. Her sisters, Jennie M. Henry and Sarah Alice Repp, were appointed administratrices, c. t. a., and filed their first and final account.

The appellee presented a claim for $1,290 for nurs-

ing and caring for the deceased wife from March 4, 1926, to September 26, 1929. The claim was allowed, and this appeal followed.

The testimony establishes that Johnson S. McGinnis, the husband, requested the appellee to take care of his wife, who was mentally infirm and needed attention, and that he would pay for her services.

The learned court below recognized the rule laid down in Gilbraith's Est., 270 Pa. 288, 113 A. 361, and in many other cases, needless to cite, that in a claim for services of this character, the presumption is that they were actually paid for periodically, and that this presumption cannot be overcome by vague and uncertain testimony. The court was of the opinion, however, that the claimant successfully met the legal burden placed upon her. It seems highly improbable that the wife paid anything for the services as she was incapable of handling money. The more important question is whether the wife's estate is liable for this claim. The husband having engaged the services of the claimant, he, or his estate, is primarily liable. It is contended upon the part of the appellee that as his estate was insolvent, she is entitled to payment from the wife's estate. Under the common law, the husband alone is liable for the support of his family: Clothier v. Wolff, 66 Pa. Superior Ct. 328. If there is any liability therefor, it must be shown to come under some statute. The Act of April 11, 1848, P. L. 536, §8 (48 PS §116), imposes a liability against the separate estate of the wife under certain conditions. But to come within its provision, it must be shown that the debt sought to be collected "was contracted by the wife, or incurred for articles necessary for the support of the family of the said husband and wife." The word "or" is to be read "and": Murray et al. v. Keyes et ux., 35 Pa. 384; Parke et ux. v. Kleeber & Bros., 37 Pa. 251. Subsequent legislation

has not changed the wife's liability. The difficulty that confronts the appellee is that she was required to assume the burden of showing not only that the services were a necessity, which we think cannot be questioned (Bair v. Robinson, 108 Pa. 247), but also that the wife undertook to pay for them: Berger v. Clark, 79 Pa. 340; Moore v. Copley, 165 Pa. 294, 30 A. 829. That she was unable to do. True, in Waesch's Est., 166 Pa. 204, 30 A. 1124, Judge HANNA, in his opinion, which was affirmed per curiam, states that "the liability of the husband for the funeral expenses of his wife, medical attendance upon her, etc., even although she has a separate estate, is too well settled to admit of argument. He is primarily liable, and her estate is liable only in case he is insolvent." But the cases cited in support of that proposition do not hold that there is any liability upon the wife unless the indebtedness was incurred by her. In Costigan's Est., 13 Phila. 264, one of the cases relied upon by Judge HANNA, Judge PENROSE said, "It does not appear, nor is it averred by answer, that these services were rendered at the request of the deceased, and without such request there was no liability whatever on the part of her estate." In Sawtelle's App., 84 Pa. 306, 310, where there were claims by doctors for medical attendance, the evidence showed that the services were rendered upon the request of the husband. The court held that "the act [of 1848] enables the wife to bind her separate estate for necessaries obtained for herself and family, but the very essence of the liability is that they are furnished at her request and on her credit. If not so furnished, her separate estate is not liable."

It clearly appears that it was upon the statements of the husband only, that he intended to pay for these services, that this claim is based. There is not an iota of evidence that they were rendered at the request of

the wife or on the credit of her estate. Notwithstanding the statement in the opinion of the court that the husband's estate was insolvent, the claim was improperly allowed.

The decree of the court below is reversed, and distribution of the funds in the hands of the administratrices directed to be made in accordance with this opinion. Costs of this appeal to be paid by appellee.