## Stoloff's Estate

*David S. Molod,* for petitioner.

SLOANE, J., April 18, 1939.—Petitioner is the guardian of a weak-minded woman. She has a husband and two children—sons. Petitioner asks us (*a*) to pay $50 a month to the husband out of the incompetent's separate estate for her maintenance, and (*b*) to pay certain sums to the husband out of the incompetent's separate estate to pay

off the husband's loans of moneys which he borrowed to meet the expenses of hospitalization incurred because of her mental illness. The husband and the two sons approve the prayers of the petition.

The husband has a grocery store and nets between $40 and $50 a week. His weekly expenses under the undisputed testimony taken at the hearing on the petition total about $46 a week and include the following items: Rent, $14; heat, $1; electricity, $4; food, $15, and salaries, $12, to his two sons who work in the store. Obviously, these are bare items of normal existence and do not include clothing or possible additional expenses, incident to every family.

The husband's testimony is that his wife is practically helpless, that he has been taking care of her but that he has to have a maid in the house for this purpose. He would rather have her in a hospital but for some reason she won't be admitted. The cost of a maid is $12 a week, and he asks (through petitioner) for $50 a month for this purpose.

We mark our words well when we say that the petition for allowance to get a maid to cater to the needs of his helpless wife merits approval. For we are conscious of the doctrine, made into law and grown out of man's better nature, that the husband alone is liable for the support of his family: McGinnis' Estate, 109 Pa. Superior Ct. 248; Waesch's Estate, 166 Pa. 204; Conn's Estate, 65 Pa. Superior Ct. 511; Ford's Estate, 5 D. & C. 523, 524; since it is a husband's first sanction to nurture and protect his family. It must be noted, however, that the cases cited have to do with claims against a *deceased* wife for *past* indebtedness and it was held that there could be no recovery from the wife's separate estate unless the indebtedness was incurred by her. Here we are concerned with one who is not dead, but alive, though mentally infirm, unable to commit herself to obligations, and who by the grace of the law is under our wing. She is our ward and our first purpose is to protect her and

do everything to help her. Her husband is not able to do so. She has a separate estate, and her guardian seeks this succor through her separate funds. Of what value is her separate money if it cannot add its action as a circulating medium to furnish her present needs while she is alive and in a condition requiring such needs?

We grant the petition for allowance of $50 a month for the specific and only purpose of paying a maid or other help for services rendered to the incompetent wife, Eva Stoloff.

We refuse the petition of the guardian for authorization to pay the sums borrowed by the husband for expenses incurred for his wife, for that represents a past indebtedness of the husband, and should not be reimbursed out of the incompetent wife's own estate.