## Department of Public Assistance v. Mooney

*David Wachtel,* for plaintiff.
*Robert J. Lindsay, Jr.,* for defendant.

BONNELLY, J., December 3, 1940.—This is an action by the Department of Public Assistance of the Common-

wealth of Pennsylvania to recover from defendant, Edna J. Mooney, the sum of $362.30, representing the total paid to defendant from March 29, 1938, to May 1939, inclusive, as general assistance and aid to dependent children. The statement of claim avers that, during the time that assistance was received, defendant was the owner of property which was subject to the repayment of assistance, wherefore this action was brought under section 4 of The Support Law of June 24, 1937, P. L. 2045, 62 PS §1973.

The affidavit of defense admits that defendant received the assistance but avers that the aid was for necessaries to herself and three children. It also admits that defendant was the holder of certain real estate while receiving said assistance, but avers that the real estate was not subject to repayment for assistance by virtue of the fact that defendant was a married woman and her husband was responsible for the support and maintenance of herself and her children.

Plaintiff entered a rule for judgment for want of a sufficient affidavit of defense. At the argument of this rule it appeared that the real estate in question is located at 619 South Conestoga Street, has an assessed valuation of $3,000, and is unencumbered. Defendant and her children live there. Subsequent to the argument counsel for plaintiff and defendant entered into a stipulation that the amount of assistance directly applicable to Edna J. Mooney, defendant, is $154.57.

The disposition of this rule requires a consideration of the obligation resting upon a married woman for the support of (a) her children and (b) herself.

It has always been the law in this Commonwealth that the primary obligation to support children rests upon the father. Thus, a husband is not absolved from his duty to support his wife and children because they are living apart by mutual consent, nor even because the wife is separated from him and has separate means, nor even if in such case she fails to call upon her husband for sup-

port: Harper's Petition, 288 Pa. 52. For us to impose upon a married woman the primary obligation of supporting her children it is necessary, therefore, to find some statutory provision changing the long-established rule of the common law.

Counsel for the Commonwealth contends that the legislature has so changed the common law by virtue of The Support Law. Section 3(a) of The Support Law, supra, provides:

"The husband, wife, child, father, mother, grandparent and grandchild of every indigent person shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides, shall order or direct . . ."

We are not convinced that ownership of a $3,000 home, per se, necessarily means that defendant has "sufficient financial ability" within the meaning of section 3(a). However, in this case it may be pointed out that subparagraphs (b) and (c) of section 3 make clear that this section of The Support Law merely sets forth the procedure whereby relatives of indigent persons may be required to furnish support for such indigents *upon petition of the indigent*. Apart from providing a means whereby an indigent person may petition the appropriate court for an order to compel the named classes of relatives to furnish support, it does not in any way establish *the right of the Commonwealth* to hold a married woman liable for moneys furnished by the Commonwealth to her for the support of her children. Furthermore, subsection (a) sets forth the order of the burden resting upon relatives to support an indigent. Thus, for the support of an indigent *child* the primary obligation rests upon the *father*, not the mother: see section 3(a) quoted supra.

Nor is there any other statutory provision which would have the effect of changing the rule of the common law which places upon a husband the first obligation to support his children.

It must follow, therefore, that, insofar as the Commonwealth makes claim for money furnished to defendant, a married woman, for the support of her minor children, such claim cannot be sustained without an averment that the Commonwealth has first proceeded against the husband and father of the minor children supported by the moneys furnished by the Commonwealth. Accordingly, the rule for judgment for want of a sufficient affidavit of defense must be discharged insofar as the claim for moneys furnished for the children is concerned.

The Commonwealth relies upon another section of The Support Law to sustain its right to a recovery against the defendant married woman for moneys furnished for her own support. This is section 4 of the act, which was amended by section 1 of the Act of June 9, 1939, P. L. 310, which provides:

"The real and personal property of any indigent person shall be liable for the expenses of his support, maintenance, assistance and burial, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if the right to ownership of such property existed or was acquired during the time such expenses were incurred. Any public body or public agency may sue for moneys so expended, and any judgment obtained shall be a lien upon the real estate of such indigent person, and be collected as other judgments, except as to the real and personal property comprising the home and furnishings of such indigent person, which home shall be subject to the lien of such judgment but shall not be subject to execution on such judgment during the lifetime of the indigent person, surviving spouse, or dependent children."

Again, it may be pointed out that apart from this statutory provision the rule applicable in Pennsylvania impresses upon the husband the primary liability for the support of his wife. So strict is this fundamental duty of the husband that even where there has been a separation by mutual consent and the wife owns separate prop-

erty no deviation from its application has been made: Bremer's Petition, 279 Pa. 405. Moreover, even if the wife fails to call upon him for support, the husband is still liable to support her: Kvist's Estate, 256 Pa. 30.

A striking illustration of the extent of the husband's obligation appears in McGinnis' Estate, 109 Pa. Superior Ct. 248, where claimant presented a claim against the estate of a married woman for nursing her prior to her death. The husband had requested claimant to take care of his wife. Although the services were undoubtedly within the category of "necessities" and although the husband had predeceased the wife leaving an insolvent estate, the court held that claimant was not entitled to a recovery from the wife's estate. Judge Baldrige, speaking for the court, stated (p. 250) :

"Under the common law, the husband alone is liable for the support of his family: Clothier v. Wolff, 66 Pa. Superior Ct. 328. If there is any liability therefor, it must be shown to come under some statute. The Act of April 11, 1848, P. L. 536, §8 (48 PS §116), imposes a liability against the separate estate of the wife under certain conditions. But to come within its provision, it must be shown that the debt sought to be collected 'was contracted by the wife, or incurred for articles necessary for the support of the family of the said husband and wife.' The word 'or' is to be read 'and': Murray et al. v. Keyes et ux., 35 Pa. 384; Parke et ux. v. Kleeber & Bros., 37 Pa. 251. Subsequent legislation has not changed the wife's liability. The difficulty that confronts the appellee is that she was required to assume the burden of showing not only that the services were a necessity, which we think cannot be questioned (Bair v. Robinson, 108 Pa. 247), but also that the wife undertook to pay for them: Berger v. Clark, 79 Pa. 340; Moore v. Copley, 165 Pa. 294, 30 A. 829. That she was unable to do."

If the solvent estate of a married woman is immune from liability for necessaries furnished to her, even though the husband's estate is insolvent, a fortiori, while

the husband is living there can be no liability on a married woman for necessaries furnished to her. An exception must be made, of course, where she has contracted to pay for them.

There is in the statement of claim which we are now considering no averment that defendant, a married woman, agreed to repay the moneys advanced by the Commonwealth for her support. Consequently, apart from the provisions of The Support Law, there can be no basis for imposing upon defendant a liability for necessaries furnished to her.

Considering The Support Law as a whole, it does not appear that the legislature intended to overturn the long-established rule of the common law. In section 7 of The Support Law there is a provision for the seizure "upon complaint made by public body or public agency" of the property of a husband who separates himself from his wife without reasonable cause or deserts his children. This indicates that the person primarily responsible for support must be pursued, if necessary, to the extreme end of seizing his property (or attaching his person) before the action may be sustained under section 4 of the act against such wife. Consequently, we are of the opinion that even if defendant's property were liable for expenses incurred for her support and assistance under section 4 of the act, such liability would be conditioned upon the exhaustion of the remedies available against the person primarily liable for her support, namely, her husband. There is no allegation in the statement of claim that the Commonwealth has made any efforts to reimburse itself by virtue of an action against the husband. Compare Commonwealth v. Hoge, 39 D. & C. 564, where President Judge Waychoff, of the Court of Common Pleas of Greene County, held that the primary responsibility for the maintenance of a married woman rests upon her husband and not upon her father, and that a proceeding against the father to recover moneys expended by the Commonwealth

for the support of his daughter in a State hospital could not be maintained in the absence of any evidence of an attempt first to collect from the husband.

We are, therefore, of the opinion that, before the Commonwealth can successfully bring an action under section 4 of The Support Law against a married woman, the statement of claim must aver that the Commonwealth has exhausted its remedies against the husband, including the drastic remedy of the seizure of the property of such husband as provided for in section 7 of The Support Law. Such averment has not been made in the present statement of claim. Consequently, the rule for judgment for want of a sufficient affidavit of defense must be discharged.