Johns Hopkins Hospital, Appellant, *v.* Delhamer.

Argued May 27, 1969.  Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Daniel W. Shoemaker,* for appellant.

*Frank B. Boyle,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 27, 1969:

Since the passage of the Act of April 11, 1848, P. L. 536, 48 P.S. §§64 and 116, we have held on innumerable occasions that in order to bind a married woman's separate estate for medical services rendered herself and family it must be shown that those medical services were rendered at her request and on her credit.

Appellant would have us ignore the long line of cases that would permit a creditor to recover against the wife's individual estate only in the event that the debt was contracted by the wife. *Moore v. Copley,* 165 Pa. 294, 30 Atl. 829 (1895); *Sawtelle's Appeal,* 84 Pa. 306 (1877); *Berger v. Clark,* 79 Pa. 340 (1876); *Parke v. Kleeber & Bros.,* 37 Pa. 251 (1860), and *Mur-*

*ray v. Keyes,* 35 Pa. 384 (1860). The legislature has had ample opportunity to amend the Act of 1848 and disaffirm the interpretation placed upon it since *Murray v. Keyes,* supra. Since the legislature has refused to do this, we will reaffirm our interpretation of the Act.

In this litigation we do not find it necessary to determine whether a liquor license in decedent's name and subject to inheritance tax as part of decedent's estate is to be considered an asset of decedent's estate for distributive purposes. Jurisdiction to determine whether a liquor license in decedent's name at his death was an asset of decedent's estate is in the orphans' court; thus any determination made in the court of common pleas was without judicial competence.

Order affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The majority relies on "a long line of cases" to reach its result. That line ends in 1895, and I believe that its reasoning was questionable in the 19th Century and untenable today.

The statute which controls this case is the Act of April 11, 1848, P. L. 536, §8, 48 P.S. §116, which states that "judgment shall not be rendered against the wife, in such joint action, unless it shall have been proved that the debt sued for in such action, was *contracted by* the wife, *or* incurred for *articles necessary* for the support of the family of said husband or wife." (Emphasis added.) Although the statute explicitly provides for a judgment against the wife if the debt was contracted by her *or* if it was incurred for necessities, the Court in *Murray v. Keyes,* 35 Pa. 384

(1860), the most ancient of the legal dinosaurs paraded forth by the majority, concluded that "or" must be read as "and", and required that the debt be contracted for in all events.

I believe that we should be extremely cautious in ever reading "or" to mean "and", cf. Statutory Construction Act, Act of May 28, 1937, P. L. 1019, §51, 46 P.S. §551, and I see no reason for doing it in this case. *Murray v. Keyes* reached its result because of an attempt by the Court to reconcile §8 of the Act of 1848, with §6, 48 P.S. §64, which deals with the wife's separate property. As appellant points out, *Murray v. Keyes* was a case which indeed dealt with the wife's separate property; since the case before us deals with property which came to the widow by operation of law, the reasoning of *Murray v. Keyes,* whether valid or not, is completely inapplicable.

More generally, the policy which the Court in *Murray* thought it was protecting was clearly dissolved by the Married Women's Act, Act of July 15, 1957, P. L. 969, §1, 48 P.S. §32.1, which put married women's contractual rights and powers on the same footing as that of married men. Although the Legislature has not spoken to the problem created by the *Murray* case, I do not find that to be controlling. In my view, it is fallacious to read any meaning at all into that non-action, which may have resulted from lack of awareness or lack of interest. Furthermore, the Married Women's Act seems to at least impliedly indicate a legislative rejection of *Murray.*

I dissent and would reverse the order of the court below.