## Beth Israel Medical Center v. Sweet

*Ellen J. Feinberg,* for plaintiff.
*Jack G. Linshaw,* for defendants.

THOMSON, *P.J.,* January 12, 1987 — This matter is before the court on defendants' preliminary objections concerning misjoinder and nonjoinder of parties.

## FACTS AND PROCEDURAL HISTORY

Defendant, Ted Sweet, received medical care and services from plaintiff. At the time defendant was admitted for medical care, he made plaintiff aware of his medical insurance with Blue Cross/Blue Shield of Greater New York. No services were provided by plaintiff to Ann Sweet. Plaintiff filed a complaint on June 12, 1986, for the collection of fees for medical services rendered to Ted Sweet. Blue Cross/Blue Shield of Greater New York has refused to pay said claim. Defendants feel that Blue Cross/Blue Shield should be joined as a necessary party. Defendants filed these preliminary objections on August 18, 1986.

## ISSUES AND DISCUSSION

We agree that there has been a misjoinder of a cause of action pursuant to Pa.R.C.P. 1017 (5) by joining Ann Sweet as a defendant in this action. Although neither party has submitted any legal basis for their conclusions other than a reference in their briefs to the Pennsylvania Equal Rights Amendment, we find the case of *John Hopkins Hospital v. Delhammer,* 434 Pa. 474, 255 A.2d 117 (1969) on point. The Pennsylvania Supreme Court stated in this case that a married woman's separate estate was not liable for medical services rendered to her and her family where it was not shown that services were rendered at her request and on her credit. Accordingly, because Ann Sweet never requested that her husband be treated and never contracted for such treatment, she is not liable for her husband's debt and should not be party to this matter.

The evidence presented in defendants' brief is insufficient to find Blue Cross/Blue Shield of Greater

New York as an indispensible party. No evidence of the extent of Ted Sweet's Blue Cross/Blue Shield coverage has been presented other than the hospital receipt with the words "Blue Cross" printed on it. Defendant, Ted Sweet, has the right to join Blue Cross/Blue Shield if he so chooses under Pa.R.C.P. 2252, et. seq.

## ORDER

And now, this January 12, 1987, defendants' preliminary objections are granted in part and denied in part. Defendant Ann Sweet shall hereby be stricken from the caption in this matter.