# Bair *versus* Joseph Robinson and Mary Robinson, his wife.

A married woman, whose husband is without means, is liable upon her contract for funeral expenses of her mother, who lived and died in her household, leaving no estate. Under these circumstances, such expenses are " necessaries for the support and maintenance of the family of such married woman," within the meaning of the Married Women's Act of 1848.

January 7th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county :* Of January Term, 1884, No. 215.

Assumpsit by Andrew J. Bair against Joseph Robinson and Mary Robinson his wife. The narr. was in the usual form to charge a married woman for necessaries, under the Act of April 11th, 1848 (P. L. 536). Pleas, non assumpsit, payment with leave, &c.

On the trial, before YERKES, J., the plaintiff testified : " I am a furnishing undertaker. Mr. Pechin came to my place of business and told me old Mrs. McClay was dead, and that

her daughter, Mrs. Robinson, wanted me to come up.  I went to Mrs. Robinson's house, where Mrs. McClay died.  Saw Mrs. Robinson and received directions from her for the funeral.  Mrs. Robinson made all arrangements.  She was the only person I knew. ¸ I furnished just what she ordered.  I buried Mrs. McClay from Mrs. Robinson's house."  Plaintiff then testified as to items of the bill amounting to $95.95.

Plaintiff offered in evidence will of Archibald McClay, father of defendant and husband of decedent, to show that Fanny McClay had but a life estate in her husband's estate, and that Mrs. Robinson took real estate under the will.  Objected to; objection sustained; exception.    •

Plaintiff offered to prove by a witness, "that Fanny Mc-Clay, the decedent, resided in the family of defendant a number of years prior to her death, and that said Fanny McClay contributed all her means to the support and maintenance of defendant's family."  Objected to; objection sustained; exception.

The Judge thereupon, on motion of defendant, entered a compulsory nonsuit, which the court in banc subsequently refused to take off (LUDLOW, P. J., dissenting); whereupon the plaintiff took this writ of error, assigning for error the exclusion of his offers of testimony as above; the entry of the nonsuit and refusal to take it off.

*Charles Henry Hart*, for the plaintiff in error.—What are or are not " necessaries " within the Act of 1848, depends on the circumstances of any given case, and the facts should always be submitted to the jury: Parke *v.* Kleeber, 1 Wr. 251.  The view of this case taken by the learned president judge of the court below, who dissented from the order refusing to take off the nonsuit, as expressed by him on the argument, is correct and should be affirmed by this court, viz., that "all legitimate expenses that are necessary to ·decently maintain the family in the rank of life to which it is accustomed, ought to be included as necessaries, and it seems to me that funeral expenses are certainly among these."  Bair *v.* Robinson, 14 W. N. C. 45.

We suggest, further, that a mother, who resides continuously with a daughter as a member of the daughter's household, is one of the *family* within the meaning of the Act.  The word family may be used in a variety of significations, but the Act uses it, we think, in the sense defined by Webster as " The collective body of persons who live in one house, and under one head or manager; a household including parents, children, and servants, and, as the case may be, lodgers and boarders."  A like definition is given in Johnson's Encyclo-

pædia: "The English word properly represents a household living together under one head, including parents, children, servants, and such other persons as may have a continuous place in the association." That a parent living with a child is a member of that child's family is further supported by the case of Lynn *v.* Lynn, 5 Casey 369.

*Edward L. Perkins,* for the defendants in error.—The question below was one of law, for the court, under the words of the Act of 1848. In all cases where debts may be contracted for *necessaries, for the support and maintenance of the family of any married woman,* it shall be lawful . . . . "Provided that judgment shall not be rendered against the wife, in such joint action, unless it shall have been proved that the debt sued for in such action was contracted by the wife or [and] incurred for *articles necessary for the support of the family of the husband and wife."* Can it be said, in any reasonable construction of the italicised words, that they include funeral expenses of the mother of a married woman?

Mr. Justice GORDON delivered the opinion of the court February 2d, 1885.

We cannot agree with the court below that the funeral expenses of the mother of the defendant did not come within the 8th section of the Act of 1848. She was certainly as much part of that family as was a child or servant. In support of this position the citation of authorities is not necessary for we do not understand that it was denied in the court below. It is true, that the counsel for the defendant now assumes the contrary, but this assumption is wholly without foundation, for that all persons who dwell together under a common head as a household are embraced by the word "family" is so well and generally understood that we would be doing violence to the common understanding were we to limit the definition of that term to parents and children only. But even were we to agree to this, it would not help the defendants' case, for as Mrs. McClay was the mother of the defendant, she was one of the parents of the family. The position of affairs being, then, as stated, we are inclined to think with the dissenting judge below, that all legitimate expenses that are required for a decent maintenance of the family in the rank of life to which it is accustomed, not only ought to be regarded as necessaries, but are, in fact, such, and that it is impossible to characterize as decent the refusal of a daughter, who has the means so to do, to remove from her household and dispose of in a proper manner, the dead body of her mother. A child, or as in this instance, a mother, must

not only be housed, fed and clothed when in health, have proper medical attendance and nursing when sick, but must also, if only for the welfare of the remainder of the family, be buried out of sight when dead.   Common decency as well as health and comfort require this.   We conclude, then, if it so be that Mrs. Robinson contracted with the plaintiff for the burial of her mother, she, in the absence of ability on part of her husband so to do, must pay the reasonable expenses of that burial.

Judgment reversed and a procedendo awarded.