## Danko's Estate.

*Randolph Stauffer*, for petitioner.

MARX, P. J., Sept. 7, 1929.—The Berks County Trust Company, guardian of the estate of Anna Danko, minor daughter of John Danko, deceased, petitions for allowance to pay, out of moneys held as the estate of said minor, a reasonable sum on account of expenses of burial of said father. The petition avers that the father left no assets; that the assets of the minor aggregate $350, being half the proceeds of an insurance policy, left by the father, on his life, wherein this minor and her sister were named beneficiaries. Relatives of the decedent, knowing of the existence of an insurance policy and believing it payable to decedent's personal representative, directed interment, probably elaborate and improvident under the existing circumstances. The total cost of interment was $576.78, $288.39 being apportionable to this estate.

There is neither statute nor appellate court decision rendering a minor's estate liable for costs of burial of an indigent parent. In Bair *v.* Robinson, 108 Pa. 247, 250, the Supreme Court, finding a married woman liable for the burial expenses of her mother, a member of her family, on the theory of "necessaries," said, by Justice Gordon: "Common decency as well as health and comfort require this." Resting upon this case and its theory, courts have, in several instances, held the estates of minor children liable for the costs of burial of indigent deceased parents. See Van Ness's Estate, 66 Pitts. L. J. 814. It is, however, highly important that this power be exercised with caution and that nothing but real "necessaries," required by common decency, health and comfort, be paid out of the minor's assets. It is, accordingly, ordered and decreed that the sum of $252.34 be paid the claimant, E. A. Kern, undertaker, out of the assets of the estate of this minor, said sum being one-half of the charge made for items found due under the terms hereof.

From Charles K. Derr, Reading, Pa.