## Shoemaker v. Hamilton.

*Robert W. Smith*, for plaintiff; *John Woodcock*, for defendant.

PATTERSON, P. J., Dec. 4, 1929.—This is a motion for a new trial. The plaintiff, Dr. F. R. Shoemaker, a practicing physician of Hollidaysburg, Blair County, Pennsylvania, recovered a verdict amounting to $241.80 against the defendant for professional services rendered to the father of the defendant on an alleged promise of defendant to pay for said service.

Counsel for defendant argues that the remarks of the attorney for plaintiff were prejudicial to defendant and that a new trial should be granted for this

reason. However, an examination of the record fails to disclose any statement of remarks complained of. It was not denied that the plaintiff rendered service to the father of the defendant over a long period of time. This service included approximately ninety visits to the father's home and many visits by the father to the doctor's office. Neither is it denied that the charges were fair and reasonable.

The plaintiff testified positively that the defendant, in the presence of the father, promised to pay for the service and that a number of statements of the account were forwarded by plaintiff to the office of the defendant in New York City, and that on one occasion the defendant paid to the plaintiff $50 on account. The defendant denied the promise to pay and also denied having paid any sum on account of said bill. However, probably the most convincing corroboration of the plaintiff's testimony resulted from the testimony of the defendant himself, when he was asked, upon cross-examination, the following question: "You have your own steamers? A. No, and I heard you say a number of things so the jury could hear that are not true. I have supported my father for years. I looked after him very tenderly. I gave him a beautiful home and paid all his expenses." This testimony undoubtedly had great weight with the jury in support of plaintiff's claim. The testimony showed that the father was indigent and entirely dependent upon the defendant for the necessaries of life.

The Supreme Court has said, in the case of Bair v. Robinson, 108 Pa. 247: "It is impossible to characterize as decent the refusal of a daughter, who has the means so to do, to remove from her household and dispose of in a proper manner, the dead body of her mother. A mother must not only be housed, fed and clothed when in health, have proper medical attendance and nursing when sick, but must also, if only for the welfare of the remainder of the family, be buried out of sight when dead. Common decency as well as health and comfort require this. We conclude, then, if it so be that Mrs. Robinson contracted with the plaintiff, she, in the absence of ability on part of her husband so to do, must pay the reasonable expenses of that burial."

*Decree.*—Now, therefore, the motion for a new trial is denied and judgment for the amount of the verdict is hereby directed to be entered in favor of the plaintiff and against the defendant.