## Shelley's Estate

*Metzger & Wickersham,* for petitioner.

*J. Dress Pennel* and *H. L. Dress,* for respondent.

Fox, J., March 23, 1934.—We have before us a petition by the undertaker that the estate of Gladys M. Shelley, a minor, pay the funeral expenses of Olive F. Shelley, a sister of the minor, as well as of Sarah Shelley, the mother of the said minor. Upon presentation of this petition, a citation was awarded on the guardian of the said minor to show cause why it should not pay the funeral expenses for the burial of the said mother and sister. To this petition an answer was filed, the substance of which is that the minor did not participate in arranging for the funeral of the said mother but the said answer does not deny the averments of the sixth paragraph of the petition that the said Gladys M. Shelley, after the mother's death, resided with the said Olive F. Shelley until her death, and arranged for the burial of her said sister, Olive.

The claim for the funeral expenses of Sarah Shelley, the mother, is now withdrawn.

The petition avers that the said Olive F. Shelley had her life insured in the sum of $1,000 for the benefit of the said Gladys M. Shelley, minor, and that the said sum was paid to the guardian.

No depositions were taken in the case.

In the case of Bair v. Robinson et ux., 108 Pa. 247, in which it was sought to charge the estate of a married woman, a daughter of the deceased, with the funeral expenses of the mother, who lived in the family of the said daughter and whose husband was unable to pay the funeral expenses, it was held that

the daughter was liable for the said funeral expenses, she having arranged for the same, and the court amongst other things said: "A child, or as in this instance, a mother, must not only be housed, fed and clothed when in health, have proper medical attendance and nursing when sick, but must also, if only for the welfare of the remainder of the family, be buried out of sight when dead. Common decency as well as health and comfort require this."

There being no other resources for the payment of the funeral expenses of the said sister, and the minor having arranged for the funeral, we are of the opinion that the estate of the minor should pay for the same. "Common decency" and health required that the body of the deceased sister should be buried, and the minor responded to this and made the arrangements with the undertaker.

The estate of the minor was the result of the insurance carried by the deceased sister on her own life for the benefit of the minor, the latter having been a member of the family and living with the said sister.

Wherefore, we are of the opinion that the said funeral expenses of the sister should be paid out of the estate of the minor.

And now, March 23, 1934, the rule granted is made absolute as to the funeral expenses of the said Olive F. Shelley, and the same shall be paid by Steelton Trust Company, guardian of the said Gladys M. Shelley.

From Homer L. Kreider, Harrisburg, Pa.