## Dugan's Estate

*Therman P. Britt*, for petitioner.

HOLLAND, P. J., June 10, 1941.—Anna Maria Ervin, guardian of the estate of Leon Dugan, Jr., a minor, presents her petition for authority to pay out of the principal of the minor's estate funeral expenses in the sum of $750, and medical and hospital expenses furnished the minor's deceased father during his last illness in the sum of $190, an aggregate of $940.

The guardian is the sister of the minor's deceased father. The minor's mother died February 22, 1935, and his father died January 12, 1940. The minor is 17 years of age, and has resided with the guardian since his birth. During this period the guardian partially supported him and since the father's death has supported him entirely. The minor finishes his schooling this year. The guardian avers in her petition that she intends, out of her personal funds, to continue to support the minor until he is self-supporting, and does not intend to make any application to this court for leave to expend any of the principal of the minor's estate for his support.

The minor's father left no estate whatever, or, to be more exact, he left the insignificant sum of $10.97.

The minor's estate is composed exclusively of the proceeds of two life insurance policies upon the life of his deceased father which were paid to his guardian in the sum of $1,323.90, the minor being the named beneficiary in said policies. At the time of the death of the minor's father, it was represented to the guardian, the deceased father's sister, and the minor's aunt, that these policies were available for the payment of the funeral expenses of the minor's father, and for the payment of the medical expenses and hospital expenses incurred during his last illness. Upon the faith of this belief the guardian ordered the funeral, which is admittedly in excess of the proportionate amount that would be allowable if the proceeds of the insurance went to the minor's father's estate. It was afterwards discovered that the minor was the beneficiary of the policy, the proceeds of which were afterwards paid to the guardian.

The cases applicable to this question are: Bair v. Robinson et ux., 108 Pa. 247 (1885); Knaut's Estate, 28 Berks 224 (1936); Danko's Estate, 22 Berks 195 (1929); Van Ness' Estate, 66 Pitts. 814 (1918); Hollenback's Estate, 11 D. & C. 352 (1927); Davis' Es-

tate, 77 Pitts. 494 (1929); and Roskop's Estate, 16 D. & C. 330 (1931).

In Hollenback's Estate the court refused to allow any payment out of a minor's estate for the burial of his father, the court flatly stating that there was no statutory authority for such an allowance. Bair v. Robinson et ux. is applicable only by analogy as that was decided under the Act of April 11, 1848, P. L. 536. In Davis' Estate and Roskop's Estate, supra, moderate sums were allowed toward the funeral expenses of the minor's deceased husband. In the former the minor's estate consisted of insurance on the life of the deceased husband, and in the latter the minor's estate consisted of the proceeds of compensation from the Pennsylvania Railroad paid upon the death of the deceased husband. In Knaut's Estate, supra, Danko's Estate, supra, and Van Ness' Estate, supra, small amounts were allowed toward the funeral expenses of a deceased parent of the minor, in each case the estate of the minor having been acquired from insurance upon the life of the said deceased parent.

There is no opinion of our courts of last resort controlling this question as to whether any part of the funeral expenses of a deceased parent or husband of a minor can be paid from a minor's estate. It would appear, however, from the above that the weight of lower court opinion is to the effect that where the husband of a minor, or the parent of a minor, dies indigent, so that there is absolutely no source from which to pay the funeral expenses, other than from the estate of the minor, it is proper to allow from the principal of the minor's estate a modest amount toward the funeral expenses of the deceased parent or husband.

It will be noted that the impelling circumstance, tending to bring the courts to this conclusion, is the fact that the entire estate of the minor has been brought into existence by the event of the death of the deceased parent or deceased husband. The courts have also observed that

common decency demands that a minor should be permitted to pay a reasonable sum for the disposition of the body of the minor's deceased husband or parent, when there is no other source from which to pay the funeral expenses.

The case now under consideration falls squarely within the class of cases above indicated. It was supposed that the insurance policies were so drawn as to make the proceeds thereof available to pay the deceased father's funeral expenses and expenses of his last illness. It turned out that the minor was the beneficiary of the policies. His entire estate consists of the proceeds of these policies.

The amount allowed, as a limit toward funeral expenses in such cases, seems to be approximately $200, and we are of the opinion that the court should allow that amount in this case. It has been said, however, in all the cases that such allowances should be made with great caution, and we emphatically sound the warning to all undertakers that this case is not to be regarded as a precedent for incurring the funeral expenses of the deceased relatives of a minor with the expectation of being paid from the minor's estate. On the contrary, it should be a salutary proof that undertakers must assure themselves of the facts as to the source from which funeral expenses are to be paid.

In the case at bar, another circumstance impelling the court to make an allowance is the declaration of the intention of the guardian that she will not make any application to the court for maintenance and support of the minor out of the principal of his estate. If she persists in this intention, it would seem that the minor will lose nothing by this allowance from his estate.

As to the medical and hospital expenses, there is no authority for making such payments out of a minor's estate, and these payments must be refused.

And now, June 10, 1941, for the reasons, and upon the authority, set out in the foregoing opinion, there is

awarded from the principal of the said minor's estate to Joseph J. McGoldrick, on account of the funeral expenses of the minor's deceased father, the sum of $200, and the guardian of the said minor's estate is authorized to make such payment.