## McCreery, Appellant, *v.* Scully.

*Husband and wife—Necessaries—Primary liability of husband.*

There is a presumption, when a wife buys necessaries for the family of her husband and herself, she is acting as his agent because the burden is on him as a primary duty of furnishing and paying for such articles.

In an action against a married woman to recover for necessaries alleged to have been furnished to her family on her credit, no recovery can be had where the evidence shows that the wife was living with her husband and that the merchandise was used by the family; that a common fund was kept to which she and her husband contributed and the family expenses were paid out of the fund; that the defendant had not observed whether the account was kept in her name or that of her husband; and that there

524, (1917).] Statement of Facts—Opinion of the Court.
was nothing to show that she contracted the debt or promised to pay it.

Argued May 3, 1917. Appeal, No. 183, April T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1915, No. 67, on verdict for defendant in case of Mc-Creery & Company v. Ida Walton Scully. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Affirmed.

Assumpsit against a married woman for necessaries. Before BROWN, J.

At the trial it appeared that the claim was for $75.91, being mostly for articles of clothing and furniture. Other facts appear by the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in overruling plaintiff's motion for judgment n. o. v.

*John Murray Redden,* with him *Alpern & Seder,* for appellant.—The evidence was sufficient to hold the defendant liable: Bear's Est., 60 Pa. 430; Davidson v. McCandlish, 69 Pa. 169; Real Estate Inv. Co. v. Roop, 132 Pa. 496; Gockley v. Miller, 162 Pa. 271; Koechling v. Henkel, 144 Pa. 215.

*J. Charles Adams,* with him *Patterson, Crawford, Miller & Arensberg,* for appellee.—The wife was not liable: More v. Copley, 165 Pa. 294; Hagedorn v. Haber, 65 Pa. Superior Ct. 179; Berger v. Clark, 79 Pa. 340.

OPINION BY HENDERSON, J., July 13, 1917:

The appellant seeks to recover a judgment against the defendant for merchandise alleged to be necessaries furnished to her family on her credit. No evidence was offered to show that she contracted the debt or promised

to pay it. It is admitted that she was living with her husband and the evidence shows the merchandise was used by the members of the family. A common fund was kept to which she and her husband contributed and the family expenses were paid out of the fund. The defendant had not observed whether the account was kept in her name or that of her husband. On the facts presented the trial judge directed a verdict for the defendant for the reason that she was not shown to have incurred the indebtedness or to have promised to pay it. This decision was in accord with the opinion of our Brother WILLIAMS, in Clothier v. Wolfe, 66 Pa. Superior Ct. 328. That opinion followed the decisions in Berger v. Clark, 79 Pa. 340, and Moore v. Copley, 165 Pa. 294. Each of these cases was an action on an account for necessaries. In the former it was held that the wife must contract in her own behalf and the evidence must as clearly prove this as the pleadings must aver it. The reason for this conclusion is there is a presumption, when a wife buys necessaries for the family of her husband and herself, she is acting as his agent because the burden is on him as a primary duty of furnishing and paying for such articles. In the latter case the court held that while the power of the husband over the separate estate of his wife has been taken away his liability for her support and that of his children remains; that he is, for the purpose of providing necessaries, the head of his household and is liable for such necessaries furnished to his wife and children whether with or without his knowledge. His wife is not liable unless she expressly undertakes to become such and this undertaking is never presumed but must be shown affirmatively; nor is the act of delivery of the goods to her or the fact that the creditor has chosen to charge them to her enough to render her liable. Neither the Act of June 3, 1887, nor that of June 8, 1893, repealing the Act of 1887, relieves the husband from the obligation to support his wife and children and his is the

primary liability.  To shift this responsibility to the wife and to make her estate liable for necessaries the burden is on the creditor to show that she assumed by an express agreement the responsibility which the law cast on her husband.  As there was not any evidence in the case tending to show that Mrs. Scully ordered these goods or that she promised to pay for them there is no support to the plaintiff's contention that her estate should be charged with the price.

The judgment is affirmed.