# Scott, Appellant, *v.* Scott.

*Courts—Municipal Court of Philadelphia—Jurisdiction—Desertion and nonsupport—Acts July 12, 1913, P. L. 711, and May 23, 1907, P. L. 227.*

The Act of July 12, 1913, P. L. 711, as supplemented and amended, creating the Municipal Court of Philadelphia, confers upon that court exclusive civil and criminal jurisdiction "in all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause separated himself

from his wife or children, or from both, or has neglected to maintain his wife or children." This supersedes process under the Act of May 23, 1907, P. L. 227.

Argued October 3, 1922. Appeal, No. 34, Oct. T., 1922, by plaintiff, from decree of C. P. No. 3, Phila. Co., June T., 1921, No. 7534, dismissing the bill in equity between Ethyl L. Scott and Freeman Scott. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Bill in equity for support and maintenance.

Demurrer to the bill challenging the jurisdiction of the court. Before Ferguson, J.

The opinion of the Superior Court states the case.

The court below sustained the demurrer and dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Frederick J. Shoyer,* for appellant.—The exclusive jurisdiction of the municipal court refers to criminal cases only: Hodgson's Petition, 25 District Reports 616.

*Clarence L. Mitchell,* for appellee.—The exclusive jurisdiction of the municipal court in the various proceedings mentioned in the act creating the court has been sustained by this court in Com. v. Supt. House of Correction, 64 Pa. Superior Ct. 613.

Opinion by Linn, J., November 23, 1922:

Appellant filed her bill under the Act of May 23, 1907, P. L. 227, averring that her husband had deserted and refused to support her, and praying that he be ordered to pay "for her support and maintenance." The bill was dismissed on demurrer. Several objections to the suit were stated, but we were asked at the argument to review only the position considered below,—that in Phila-

delphia, the municipal court has exclusive jurisdiction of the subject.

We shall first refer to the pertinent statutes. The Act of 1907 is entitled "Relating to husband and wife, and to enlarge the rights and remedies of married women in case of desertion or nonsupport by husband"; it authorizes a wife, within its provisions, "to bring her action at law or in equity against such husband for maintenance, in the court of common pleas of the county where the desertion occurred, or where she is domiciled, and the said court shall have power to entertain a bill in equity in such action, and shall make and enforce such orders and decrees as the equities of the case demand." Relief has been granted under this statute: Erdner v. Erdner, 234 Pa. 500; Duncan v. Duncan, 265 Pa. 464; Cunningham v. Cunningham, 48 Pa. Superior Ct. 442; Hunnings v. Hunnings, 55 Pa. Superior Ct. 261.

Our inquiry then is, has the legislature conferred exclusive jurisdiction of the subject on the municipal court and deprived the Common Pleas of Philadelphia of authority to hear the bill? As the power to do so must be conceded, (Com. v. Hopkins, 53 Pa. Superior Ct. 16, 241 Pa. 213; Gerlach v. Moore, 243 Pa. 603) we turn to the legislation to see what was done.

The Municipal Court of Philadelphia was established by the Act of July 12, 1913, P. L. 711, since amended from time to time. After provisions contained in various sections, comes section 10 providing: "The said court hereby created shall have jurisdiction in all civil actions at law and in equity where the value of the matter or thing in controversy......" etc. Section 11 follows with the enactment that "The said court hereby created shall have jurisdiction in all criminal actions and suits for penalties, except that it shall not have jurisdiction in the trial of indictments for arson, burglary, forgery, kidnaping, murder, voluntary manslaughter, perjury, rape, robbery, treason or misprision of treason, or for violation or conspiracy to violate the election or regis-

tration laws of this Commonwealth, or for criminal libel, or for embezzlement by any public officer, or any offense involving breach of official duties by any public officer.

"The jurisdiction of the said municipal court shall be exclusive—

" (a) In all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause separated himself from his wife or children, or from both, or has neglected to maintain his wife or children; and in all proceedings where any child of full age has neglected or shall neglect to maintain his or her parents, not able to work or of sufficient ability to maintain themselves; and in all proceedings for the custody of children.

"(b) In all proceedings concerning dependent, delinquent, or neglected children, as defined by existing laws relating thereto, which are hereby made applicable to proceedings in the municipal court."

In 1915, P. L. 1017, this section was amended. To the classes of proceeding (a) and (b), of which exclusive jurisdiction had been conferred, were added three classes (c), (d) and (e), relating to street walking and disobedient, etc., children, offenses theretofore punishable under the Act of June 2, 1871, P. L. 1301, establishing the House of Correction: Com. v. Superintendent, etc., 64 Pa. Superior Ct. 613. It was also amended by the following (to which we shall refer presently) added after the words "public officer" at the end of the first paragraph quoted above: "Provided, however, that nothing herein contained, and no exception to the jurisdiction of the said court herein set forth, shall be construed to deprive the said court of exclusive jurisdiction in those cases hereinafter in this section set forth." Section 11 was again amended in 1917, P. L. 1015, by provisions relating to nonsupport of children, and by transferring to the municipal court all cases of desertion and nonsupport then pending in the quarter sessions, doubtless in consequence of Com. v. Shecter, 250 Pa. 282.

Other statutes also confer on the municipal court power over the subject-matter, such as the Act of June 15, 1917, P. L. 614.

What, then, is the effect of this municipal court legislation on the power conferred on the common pleas in the Act of 1907? Appellant's proposition is that as the 10th section confers jurisdiction in "all civil actions," and as the 11th begins by conferring jurisdiction "in all criminal actions and suits for penalties,......" (supra), the meaning of the legislature is (to quote appellant's brief), that "The exclusive jurisdiction of the municipal court refers to criminal cases only." The brief also states: "Literally speaking it would mean that all jurisdictions in desertion and nonsupport cases immediately vested in the municipal court. But taken in connection with the rest of the section and having gathered the general trend of the legislative thought it would seem that the word 'criminal' must be interpolated before the word 'proceedings.' In other words, the municipal court has exclusive jurisdiction in all criminal proceedings brought against a husband or father where he has deserted and failed to support his family. It has taken the place of the court of quarter sessions and has ousted its jurisdiction so that as to any criminal proceeding the jurisdiction of the municipal court is exclusive. But the court of common pleas has still its jurisdiction in matters relating to the provision of support for a deserted wife and may entertain a petition to that effect should the wife choose to proceed by civil process." We cannot accept the argument. It is wrong in two respects: First, we have no authority to restrict the expressly stated intention of the legislature by interpolating the word "criminal" before the word "proceedings" in section 11 paragraph a. Second, it disregards the scope of the jurisdiction of the quarter sessions. As is well known, that court has jurisdiction over many matters not criminal in character, and among them has been the enforcement of laws for the relief of the poor. Though had in

the quarter sessions, such proceedings are not essentially criminal in character: Com. v. Tragle, 4 Pa. Superior Ct. 159, 162. From early colonial days, they have been part of the Poor Laws; the Act of 1705 was entitled "An Act for the relief of the poor" (2 Stat. at L., 251); amplified in 1771 under the same title (8 Stat. at L., p. 95).; the Act of 1836, P. L. 539, section 29, P. L. 547, was entitled "Relating to the support and employment of the poor." The Act of 1867, P. L. 78, was entitled "For the relief of wives and children, deserted by their husbands and fathers, within this Commonwealth"; the Act of 1907 (supra) belongs to the same class. They are no less poor laws because they afford remedies directly enforceable by the wife instead of through overseers of the poor or other officer. It is true that desertion was also made indictable and punishable by the Act of March 13, 1903, P. L. 26, but such punishment does not relieve from the obligation to support.

In Carey v. Carey, 25 Pa. Superior Ct. 223, in considering the Act of 1867 (supra) we said "Maintenance is the sole object of the act." Proceedings for maintenance are civil in nature and not criminal. Contracts providing for separation with maintenance are familiar: Com. v. Richards, 131 Pa. 209. If we adopt appellant's contention that the word criminal must be read into the act to restrict the proceedings described, it would also have to be used to limit "cases" in the last clause of paragraph (a), and we should have "and in all [criminal] cases for the custody of children," which of course cannot have been intended, for habeas corpus is a civil proceeding: Kurtz v. Moffitt, 115 U. S. 487, 494. Moreover, the addition in 1915 to the first part of section 11 (supra) of the provision "that nothing herein contained, and no exception to the jurisdiction of the said court herein set forth, shall be construed to deprive the said court of exclusive jurisdiction in those cases hereinafter in this section set forth," removes all possible doubt and fully settles that by "all proceedings" of the kind speci-

fied in paragraph (a), the legislature meant all proceedings specified whether civil or criminal in their nature: see Com. v. Superintendent, House of Correction, 64 Pa. Superior Ct. 613, at 618, together with authorities on the interpretation of statutes cited on pages 620 to 623.

The decree is affirmed at the costs of appellee.

PORTER, J., dissents.