## Charles H. Bear & Co. v. Zech.

*McClean Stock*, for plaintiff; *J. E. Brenneman*, for defendant.

SHERWOOD, J., March 25, 1929.—This case comes before the court on an affidavit of defense raising questions of law. The reasons assigned may be summarized under three heads: First, the failure to allege that the name of

the plaintiff is registered as a fictitious name under the Act of 1919, P. L. 942 (it being conceded at the argument that this citation was erroneous, the correct act being that of June 28, 1917, P. L. 645, and the several amendments) ; second, plaintiff's failure to allege the agency of the wife; third, the entry of the charge on the books of plaintiff against the wife.

Plaintiff, a partnership trading under the name of Charles H. Bear & Co., declared on a book account for goods sold and delivered by verbal agreement to defendant's wife, alleging that the said goods were necessaries for the use of the wife and for use in the household of the defendant. The goods so sold were charged on plaintiff's books against the wife. The defendant and his wife are alleged to be living and cohabiting together. For the purpose of this argument, the facts set forth in plaintiff's statement must be accepted as true.

The Act of June 28, 1917, P. L. 645, provided that no individual should carry on or conduct any business in the Commonwealth under an assumed or fictitious name, unless complying with the directions of that legislation. In Eagle v. Insurance Co., 75 Pa. Superior Ct. 390, it is said: "The purpose of the statute is obvious. It was intended to protect persons giving credit in reliance on the assumed or fictitious name, and to definitely establish this identity of the individuals owning the business, for the information of those who might have dealings with the concern. It was not intended to produce a confiscation of property, nor to relieve debtors from their honest obligations. It is a penal regulation, and should be so construed as not to extend its operations beyond the purposes for which it was evidently enacted." In Lamb v. Condon et al., 276 Pa. 544, it is said: "An examination of the act discloses an intention to deal with two classes of individuals who might use assumed names; those who are residents and those who are non-residents. In both cases, one adopting the fictitious name shall not carry on or conduct business in the Commonwealth until registration is had, and the engaging in such activity is penalized and made a misdemeanor. There is no express declaration that the contracts entered into by such parties shall be void and unenforceable." The wording of the amending Act of May 10, 1921, P. L. 465, is significant in determining the question of the right to sue where no such certificate was filed. The Supreme Court in the case last cited says: "It will be noted that the first paragraph of the first section, which provided for individual residents of the State, was not modified, but the second paragraph of the same section provided that those who were non-residents, and failed to register, should not be permitted to institute actions until they had paid a fine of $25.00, and, even in those cases, it was declared that pending proceedings could be carried on if the penalty and costs of the case to the date of payment were satisfied. It is also to be observed, as indicative of the legislative intent, that no prohibition against the bringing of suits by residents of the State who were in default was made, but that the inhibition was directed solely to those living beyond the confines of the Commonwealth." In the instant case, the plaintiff, by adding the term "company," was acting in violation of the act of assembly, but no one was deceived thereby. Its contract was entered into in good faith; it was not receiving but extending credit to the defendant in this action. It was not necessary to register in order to maintain the action.

In the remaining reasons assigned, we find nothing that would warrant us entering judgment for the defendant. Agency of a wife living with the husband, and who buys necessaries for her use and the use of the husband's household, is implied, and, being a conclusion of law, need not be averred: Allen v. Rieder, 41 Pa. Superior Ct. 534. When a wife takes up necessaries

for the family of her husband and herself, the presumption is that she is acting as his agent, for on him lies the primary duty of furnishing and paying for them: Berger *v.* Clark, 79 Pa. 340.

A wife is not liable for necessaries furnished her and the family unless she expressly undertakes to become liable, and this undertaking is never presumed, but must be shown affirmatively. Nor is the act of delivery of the goods to her, or the fact that the creditor has chosen to charge them to her, enough to render her liable: McCreery *v.* Scully, 67 Pa. Superior Ct. 524.

And now, to wit, March 25, 1929, the questions of law raised are decided against the defendant, with leave to file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days.

From Richard E. Cochran, York, Pa.