## Arthur v. Arthur et al., Executors.

*Wallington & Shick,* for plaintiff.

*J. Fitzpatrick* and *R. J. Henry,* for C. J. Arthur.

MARTIN, P. J., July 26, 1929.—A bill in equity was filed averring that complainant was forced to leave the house of her husband, Charles Jacob Arthur, the defendant, and that for 797 weeks he neglected to provide for her. She claims there is due her $10 for each week, a total of $7970.

It is averred in the bill that the father of the defendant, Charles Jacob Arthur, died in 1928, leaving a will, which was probated in the office of the Register of Wills of Montgomery County, and that letters testamentary were granted to I. Warner Arthrur, Jr., and The Bryn Mawr Trust Company, the executors; that Charles Jacob Arthur is a legatee and devisee under the will and has an interest in the estate of the value of $6000; that the estate was listed for audit and adjudication before the Orphans' Court of Montgomery County during the month of June, 1929, when it was expected that the share of Charles Jacob Arthur would be awarded to him; that Charles Jacob Arthur has removed from the State of Pennsylvania and is a resident of the State of California.

The bill prays for a decree in accordance with the provisions of the Act of Assembly approved May 23, 1907, P. L. 227, amended by the Act of April 27, 1909, P. L. 182, ordering an attachment of Charles Jacob Arthur's interest in the estate of I. Warner Arthur, deceased, pending final hearing and disposition of the bill; that an injunction issue restraining the executors from

distributing to Charles Jacob Arthur any part of the estate, and for general relief.

The Bryn Mawr Trust Company, executor, filed a petition under the Act of March 5, 1925, P. L. 23, averring that this court is without authority to entertain the bill; that the jurisdiction conferred upon the Court of Common Pleas by the Act of May 23, 1907, amended by the Act of April 27, 1909, was superseded by the Act of July 12, 1913, P. L. 711, creating the Municipal Court of Philadelphia, which provides that the jurisdiction of the Municipal Court shall be exclusive in all proceedings against any husband wherein it is charged that he has without reasonable cause separated himself from his wife, and has neglected to maintain his wife: Section 11 (a). .

It is claimed by complainant that as there is no repealing clause in the act establishing the Municipal Court, and the jurisdiction of that court is limited to a sum less than that alleged to be due complainant, the Municipal Court has no jurisdiction in this case, and complainant is relegated to the remedy provided by the Act of 1907 and the amendment of 1909 (supra). The amendment of July 11, 1923, P. L. 1035, provides that the Municipal Court shall have jurisdiction in all civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of $2500. But in Scott v. Scott, 80 Pa. Superior Ct. 141, a bill in equity was filed under the terms of the Act of 1907, which was dismissed on demurrer. The lower court was affirmed, and it was held that the Municipal Court has exclusive jurisdiction which supersedes process under the Act of May 23, 1907, P. L. 227.

The exclusive jurisdiction in proceedings against husbands, conferred by the Act of 1913, is not limited by the amount of money involved, as in other cases instituted in the Municipal Court.

And now, to wit, July 26, 1929, the rule to show cause why service of the bill of complaint should not be set aside and the bill dismissed is made absolute; and it is ordered and decreed that service of the bill of complaint in the above-entitled case be set aside and the bill dismissed for want of jurisdiction.