## Dunn v. Dunn

*Scott & Connor*, for plaintiff.
*William A. Gray*, for defendant.

BONNIWELL, J., June 26, 1936.—This is an action in assumpsit by a married woman against her husband for the recovery of the sum of $20,273 previously expended by her in the support of herself and their minor children, deserted by defendant, who neglected to maintain them.

It is contended by the husband that plaintiff is not entitled to recover in assumpsit, but that her remedy is by petition and order under the Act of April 13, 1867, P. L. 78, or in equity under the Act of May 23, 1907, P. L. 227, and that the statement of claim does not sufficiently aver the property or income of defendant, nor show that the amounts expended were reasonable.

In Scott v. Scott, 80 Pa. Superior Ct. 141, a bill in equity was filed under the terms of the Act of 1907, which was dismissed on demurrer. Linn, J., in an able and exhaustive opinion, decided that the Act of July 12, 1913, P. L. 711, as supplemented and amended, creating the Municipal Court of Philadelphia, confers upon that court exclusive civil and criminal jurisdiction in all proceed-

ings brought against a husband or father where he has deserted and failed to support his family, and supersedes process under the Acts of 1867 and 1907.

A husband and father is under a natural obligation to furnish necessaries of life to his family, suitable to their condition, and if he neglect that duty, the person who supplies such necessaries is deemed to have conferred a benefit upon him for which the law raises on his part an implied promise to pay. Plaintiff, having applied her separate estate to the fulfillment of the obligation resting primarily on her husband, is entitled to recover from him such sum as he would have been compelled to expend in discharge of his obligation: De Brauwere v. De Brauwere, 203 N. Y. 460, 463.

No action for recoupment is open to plaintiff under the Acts of 1867 and 1907. The former act was not intended to provide a remedy for the recovery of expense previously incurred in the support of minor children whose father had deserted or neglected them, but to provide a mode for compelling him to pay a reasonable sum for their future support and maintenance. The latter act is limited to the maintenance of a deserted wife.

The extent of defendant's liability can, and his income may, be determined by a trial on the merits.

The affidavit of defense raising questions of law is dismissed with leave to defendant to file an affidavit of defense on the merits within 15 days from the entry of this order.