Gessler *v.* Gessler et al., Appellants.

358

[redacted]

Argued March 23, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

[redacted]

*C. Leo Sutton*, with him *William T. Coleman, Jr.*, and *Dilworth, Paxson, Kalish & Green*, for appellant.

*Louis M. Cohen*, with him *Stanton S. Oswald*, and *Wolf, Block, Schorr & Solis-Cohen*, for appellees.

OPINION BY HIRT, J., July 17, 1956:

In disposing of this appeal we must accept as verity the averments of plaintiff's complaint to this effect: The plaintiff and the defendant were married in April 1945; two children were born; a daughter on January 14, 1947 and a son, now six years old. On September 16, 1954, the defendant left his wife and children in the common home in Philadelphia. He separated himself from his family without reasonable cause under circumstances which charge him with desertion and

abandonment of his wife and children. Since the separation he has willfully refused and neglected to support his family. The defendant lives in Tampa, Florida, the plaintiff in Plymouth Meeting in this State. Because of the defendant's neglect ever since the desertion on September 16, 1954, the plaintiff has been obliged to provide a home for the two children and to maintain herself and them from her separate personal estate. Between the above date and June 16, 1955, when this action was brought, the plaintiff of necessity had spent a total of about $12,500 of her own funds in supporting herself and the two children.

The defendant has an interest, as an income beneficiary under a trust established by his father John M. Gessler, and a like interest in a similar trust established by his mother, Gertrude M. Gessler. The predecessor of Girard Trust Corn Exchange Bank as co-trustee with the defendant was awarded the principal of the trust fund established by the will of defendant's father on distribution of the estate by the Orphans' Court of Montgomery County. Robert M. Green is the trustee of funds bequeathed to him in trust for the benefit of the defendant by the will of his mother. Defendant does not own or have an interest in any other property, real or personal, in Pennsylvania. Plaintiff and defendant had owned the dwelling house by entireties where they lived in Philadelphia but shortly after the desertion the defendant defaulted in the payments due on a mortgage, although financially able to make them, and foreclosure proceedings were brought by an assignee of the mortgage (alleged to be a straw-man acting for the defendant). As a result the plaintiff was forced to surrender possession of the home in which she and her children had lived since July 1952.

Both of the above trusts became spendthrift trusts in contemplation of law by the language, identical in

the wills of both testators as follows: "I will and direct that neither the income payable to any beneficiary or beneficiaries nor the corpus from which the same is derived shall in any way be liable to or for the contracts, debts and/or engagements of any such beneficiary or beneficiaries, or to execution and/or attachments at the suit of their or any of their creditors, but the same shall be absolutely free from the same and such beneficiaries shall have no power to sell, assign, transfer and/or encumber such income and/or corpus or any part thereof in any manner or for any purpose whatsoever or to any way anticipate payments of corpus and/or income."

On the assumption that the right of action of this wife against her husband for reimbursement was exclusively in the Municipal Court of Philadelphia under the Act of July 12, 1913, P. L. 711, as amended, 17 PS §694, the wife-plaintiff brought this action in assumpsit in that court by foreign attachment. The subject of attachment was the interest of the defendant as income beneficiary in each of the above trusts. Preliminary objections were filed to the complaints by the defendant and by both trustees as garnishees. After argument the Municipal Court overruled all of the preliminary objections. It is unimportant that in the order the court did not give leave to the defendant and the garnishee to answer the complaint on the merits. They had this right, as they would have had in an action on a contract in assumpsit, without special leave, on assuming the risks attendant upon entering their general appearances. Cf. Goodrich-Amram, §§1251, 1251-7. Instead of answering, the defendant and the garnishees took this appeal questioning the jurisdiction of the Municipal Court in the proceeding.

We cannot agree that plaintiff's right of action is exclusively determined by the Act of May 23, 1907,

P. L. 227, 48 PS §§131, 132, (before the 1955 amendment of the Act, 48 PS §131, not here involved). The 1907 Act was not intended to supplant all other remedies available to a wife under circumstances such as the present; this is definitely indicated by this language of its title: "An Act Relating to husband and wife, and to *enlarge* the rights and *remedies* of married women in case of desertion or nonsupport by husband." (Emphasis added). It is clear that sections 1 and 2 of the Act must be construed together but they have no application here. Section 2 provides for an action in *rem* against the husband's property in a proceeding for *future* "suitable maintenance" of the wife; it does not prescribe the procedure for the collection of the value of necessaries which had been supplied for the support of the wife and minor children.[1]

A husband is under a legal duty to support his wife and children, and where he neglects this duty, one who supplies necessaries for their support may recover their cost in an action under the common law, which raises an implied promise, on the part of the husband, to pay. And we have held that under the Married Women's Property Acts, and specifically the Act of May 1, 1913, P. L. 146, 48 PS §114, a deserted wife may maintain an action in assumpsit against her husband to recover the amount expended by her out of her separate estate for the necessary support and maintenance of their

---

[1] In any event even if the scope of the court's jurisdiction be limited by the Act of 1907, under which an action of a deserted and neglected wife had to be brought in the county where the desertion occurred or where the wife is domiciled, appellant cannot successfully contest the court's jurisdiction on that ground on the present record. Under the averments of the complaint it seems to be reasonably clear that defendant's desertion and abandonment of plaintiff occurred on or about September 16, 1954 when the parties were living together in Philadelphia in their common home.

children, and for herself also unless barred by her conduct. *Adler v. Adler,* 171 Pa. Superior Ct. 508, 90 A. 2d 389. In the case of an ordinary trust which contains no spendthrift clause, the beneficial interest of the cestui que trust is subject to attachment at the instance of his creditors. *McCurdy v. Bellefonte Trust Co.,* 292 Pa. 407, 412, 141 A. 247. Section 19 of The Wills Act of June 7, 1917, P. L. 403, 20 PS §243 (applicable here because the testators in both trusts died before 1948), provides that a spendthrift trust created by a testator shall "notwithstanding such testamentary provisions, be subject to and liable for the support and maintenance of the wife and minor children of the beneficiary, *and for the value of necessaries furnished to them, or any of them,* where said beneficiary has refused or neglected to provide suitably for them; and all of the income of said beneficiary shall be subject to all legal process issued by any court of this Commonwealth having jurisdiction in the premises, in order to enforce such liability of said beneficiary." (Italics supplied). There is nothing in that Act to the effect that a spendthrift trust may be subject to attachment only after a support order has been obtained or liability has been determined by a judgment.

The wife in the present case furnished necessaries to her minor children and under the second provision of §19, read literally, she is entitled to look to the beneficial interest of her husband in the spendthrift trust to recover the value of the necessaries so furnished by her. In our view, under the same provision she is entitled to recover the value of the necessaries which she supplied to herself. In principle her status should be the same as, e.g., that of a grocer who supplies food instead of money with which to buy it. Section 19 provides that the income of the trust shall be subject to "*all legal process issued by any* court of this Common-

wealth having jurisdiction in the premises . . ." (Emphasis added). The present proceeding in reality is an action in assumpsit and a wife, as an appropriate form of process, may initiate her proceeding in assumpsit by foreign attachment, for her support and the maintenance of her children. Cf. *Commonwealth v. Berfield*, 160 Pa. Superior Ct. 438, 51 A. 2d 523; *Lippincott et al. v. Lippincott*, 349 Pa. 501, 505, 37 A. 2d 741. Accordingly, the controlling question here is the jurisdiction of the Municipal Court.

Section 11(a) of the Act of July 12, 1913, supra, as amended, 17 PS §694, which created the Municipal Court of Philadelphia, provides: "The jurisdiction of the said Municipal Court shall be *exclusive*—(a) In *all* proceedings brought against any husband or father wherein it is charged that he has without reasonable cause separated himself from his wife or children, or from both, or has neglected to maintain his wife or children; . . ." (Emphasis added). That is the charge here. And the fact that the amount claimed is $12,-500 does not oust the jurisdiction of that court. Cf. *Scott v. Scott*, 80 Pa. Superior Ct. 141. The legislature which in the 1913 Act fixed a general limitation on the jurisdiction of the Municipal Court certainly had the power, as was done in §11(a), to remove all limitation based on the amount involved, where the charge is that a husband has without reasonable cause separated himself from his wife and children and has neglected to support them. There is precedent for our refusal to recognize a limitation on the jurisdiction of the Municipal Court in proceedings under §11(a) of the 1913 Act. In *Adler v. Adler*, supra, we agreed that the Municipal Court had jurisdiction of an action by the wife-plaintiff to recover $3,348.96 spent by her for her necessaries and for the support of her children. So also in *Thomas v. Thomas*, 112 Pa. Superior Ct. 578, 172 A. 36 we

held that the Municipal Court had jurisdiction in an action in equity in which the wife-plaintiff sought to subject a spendthrift trust to an order of support in the sum of $6,000 annually.

Order affirmed.