Wilcox *v.* Evans, Appellant.

Argued March 19, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edmund B. Spaeth, Jr.,* with him *MacCoy, Evans & Lewis,* for appellant.

*David F. Maxwell,* with him *Herbert A. Fogel,* and *Obermayer, Rebmann, Maxwell & Hippel,* for appellee.

OPINION BY WOODSIDE, J., August 10, 1959:

This is an appeal by the defendant from the order of the Municipal Court of Philadelphia overruling the defendant's preliminary objections to a complaint in equity. The appeal questions the jurisdiction of the Municipal Court.

Homer B. Wilcox, Jr., the plaintiff, and Elizabeth N. Evans, the defendant, were married on October 25, 1941. Four children were born of the marriage. As a result of marital differences, the parties determined to live apart, and entered into a separation agreement on January 9, 1954. The parties were divorced a.v.m. on October 24, 1955, and the agreement was amended to conform to the changed circumstances and to provide thereafter for the support of the children. Both parties have since remarried.

On August 15, 1958, the plaintiff filed a complaint in equity seeking an order remitting accumulated ar-

rearages in the payments and reducing the support payments below the sum contained in the agreement. The defendant filed preliminary objections to the complaint on the grounds that the Municipal Court of Philadelphia did not have jurisdiction over the subject matter in that the value of the matter or thing in controversy exceeded the sum of $5,000, that the record of the Municipal Court disclosed that plaintiff had failed to file a certificate as to the amount of the thing or matter in controversy, and lastly, that the complaint does not state a cause of action. The Municipal Court overruled the preliminary objections and the defendant appealed to this Court.

The defendant was procedurally correct when she included both the jurisdictional questions and the demurrer in her preliminary objections, and the court below was procedurally correct in passing upon both. See Pa. Civil Procedure No. 1017b(1) and (4) and Rule No. 1028. Orders made on preliminary objections are interlocutory, and ordinarily not appealable. *Fairchild E. & A. Corp. v. Bellanca Corp.*, 391 Pa. 177, 181, 137 A. 2d 248 (1958). However, the Act of March 5, 1925, P. L. 23, 12 PS §672,[1] provides that an appeal may be taken directly from the determination of the order of the court on a jurisdictional question. This act does not relate to the matters going to the right of the plaintiff to recover on his cause of action, but to his right to have his cause of action heard and determined. *Strank v. Mercy Hospital of Johnstown*, 376 Pa. 305, 309, 102 A. 2d 170 (1954). An appeal under the Act of 1925 cannot raise in a preliminary way the right of the claimant to recover on his cause of action, but only the right to have his cause heard and determined, even

---

[1] Except as it relates to appeals, this act is suspended by the Rules of Civil Procedure. See Rule 1550(19), 12 PS §372, and Goodrich-Amram Civil Practice §1509-1.

though it might ultimately be decided that he is not entitled to the relief which he seeks. *Holmes Petition,* 383 Pa. 99, 102, 117 A. 2d 704 (1955). Jurisdiction of the cause of action, as used in the Act of 1925, relates solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs. *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 547, 184 A. 286 (1936).

Since this appeal is under the Act of 1925, the only matter to be decided by us at this time is the jurisdiction of the Municipal Court to hear this controversy. *Jones v. Jones,* 344 Pa. 310, 311, 25 A. 2d 327 (1942).

Whether the complaint states a cause of action is not before us in this appeal as the Municipal Court's determination on that point is interlocutory and no statutory right of appeal therefrom is available to the defendant at this time. We, therefore, do not pass upon the holding of the court below that the complaint states a cause of action.

The only question before this Court, as stated in the appellant's brief is: "Does the Municipal Court of Philadelphia have jurisdiction of an action to rescind a written agreement in which plaintiff promises to make certain payments to defendant (his former wife) when the action is in equity and does not involve any sum certain, and when plaintiff has refused to file a certificate that no more than $5,000 is in controversy?"

The court below in an opinion of Judge DiNubile held that the Municipal Court had exclusive jurisdiction over the proceedings under Section 11 of the Act of July 12, 1913, P. L. 711, as amended, 17 PS §694, which provides, inter alia: "The jurisdiction of the said Municipal Court shall be exclusive—(a) In all proceedings brought against any husband or father, wherein it is charged that he has without reasonable

cause separated himself from his wife or children, or from both, or has neglected to maintain his wife or children; . . . (b) In all proceedings concerning dependent, delinquent, or neglected children, as defined by existing laws relating thereto, which are hereby made applicable to proceedings in the Municipal Court."

The appellant contends that the present action falls under Section 10 of the Municipal Court Act, supra, as amended, 17 PS §693, which provides, inter alia, "The said Court hereby created shall have jurisdiction in all civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of $5,000 . . . in actions in law or in equity not involving any sum certain, the plaintiff shall file with his statement a certificate as to the amount of the thing or matter in controversy." The filing of a certificate as to the amount in controversy is unnecessary if the action falls within Section 11 of the Act. The court would then have exclusive jurisdiction over the proceedings regardless of the amount in controversy. See *Thomas v. Thomas,* 112 Pa. Superior Ct. 578, 172 A. 36 (1934) ; *Gessler v. Gessler,* 181 Pa. Superior Ct. 357, 124 A. 2d 502 (1956).

Appellant contends that this proceeding is not a "proceeding brought *against a husband or father"* (emphasis supplied) under subparagraph "a" of Section 11, nor is it a proceeding concerning dependent, delinquent, or neglected children. The appellant would have this Court decide that subsection "a" applies only to those cases in which a husband or father is the defendant. This argument places too literal a construction upon the Municipal Court Act.

In referring to the Juvenile Court Act, this Court said in *Wolf's Case,* 58 Pa. Superior Ct. 260 (1914) : "In the administration of [the Juvenile Court Law] narrow and refined construction of its words, without

regard to its true spirit, should not be sought for. Nor should regard for the niceties and formalities of practice and pleading be carried to such extent as to defeat, in particular cases, the benign purpose of the legislature."

The basic question involved in the action brought in this case is the amount of support the children should receive from their father. The legislature gave exclusive jurisdiction of this basic question to the Municipal Court and we should not carry "the niceties and formalities of practice and pleadings" to such an extent as to defeat the Municipal Court's exclusive jurisdiction of this question of the amount to be paid by a father for the support of his children. The determination of the amount *these* children should receive from their father for their support is not a question which should be dealt with by two different trial courts. Such an interpretation of the statute would be absurd and unreasonable, and the legislature is presumed never to intend such result. Statutory Construction Act of May 28, 1937, P. L. 1019, §52, 46 PS §552.

A consideration of the Municipal Court Act and the opinions of this Court relative thereto leads to the conclusion that the present case falls within the jurisdiction of the Municipal Court.

The jurisdiction of the Municipal Court in support matters is not limited to a consideration of criminal proceedings for the support of children, *Scott v. Scott,* 80 Pa. Superior Ct. 141 (1922). In the *Scott* case this Court held that the Municipal Court Act superseded process under the Act of May 23, 1907, P. L. 227, which authorized a wife to bring her action at law or in equity against a husband for maintenance in the court of common pleas of the county where the desertion occurred or where she was domiciled. In that case the wife had filed a bill in equity under the Act of 1907 in the Court of Common Pleas of Philadelphia County,

which bill was dismissed since exclusive jurisdiction of that type of action in Philadelphia County had been vested in the Municipal Court.

By Section 11 of the Municipal Court Act, the Municipal Court was given exclusive jurisdiction of support proceedings brought under the Penal Code of June 24, 1939, P. L. 872, 18 PS §4733, in which separation agreements have been altered: *Commonwealth ex rel. Rey v. Rey*, 159 Pa. Superior Ct. 284, 48 A. 2d 131 (1946) ; *Commonwealth ex rel. Voltz v. Voltz*, 168 Pa. Superior Ct. 51, 76 A. 2d 464 (1950) ; of a wife's bill in equity or support and maintenance, *Scott v. Scott*, supra; of a wife's action in assumpsit or monies expended from her separate estate for the support of herself and children, *Adler v. Adler*, 171 Pa. Superior Ct. 508, 90 A. 2d 389 (1952) ; and of assumpsit initiated by foreign attachment of a husband's spendthrift trust to recover for necessaries purchased, *Gessler v. Gessler*, supra, 181 Pa. Superior Ct. 357, 124 A. 2d 502 (1956).

Appellant, in her reply brief, cites *Ashbaugh v. Ashbaugh*, 167 Pa. Superior Ct. 368, 75 A. 2d 13 (1950). In that case a wife-mother sued the husband-father on an agreement similar to the one in this case. The suit was in assumpsit in the Allegheny Court of Common Pleas rather than in the County Court of Allegheny County. Appellant here maintains "The jurisdiction of the County Court, so far as men who have neglected their families are concerned, is precisely the same as that of the Municipal Court of Philadelphia . . ." This assertion ignores the decision of the Supreme Court in *Kemnitzer v. Kemnitzer*, 335 Pa. 105, 110, 6 A. 2d 571 (1939), in which the Supreme Court speaking through Justice, later Chief Justice, Maxey stated: "In *Scott v. Scott*, 80 Pa. Superior Ct. 141, 143, that court held that the exclusive jurisdiction conferred on the Municipal Court of Philadelphia in all proceedings for maintenance superseded process under the Act of May 23,

1907, P. L. 227 (supra), but that was because *the act creating the Municipal Court conferred exclusive jurisdiction over such cases, even in equity.* 'The County Court of Allegheny County,'· on the other hand, 'is a substitute for its court of quarter sessions in desertion proceedings and is expressly given exclusive jurisdiction over them.' Commonwealth v. Speer, 267 Pa. 129, 133, 110 A. 268. It is not a substitute for its court of common pleas sitting in equity in proceedings for maintenance, for no jurisdiction was conferred on it to supersede the process under the Act of 1907 (supra)." (Emphasis supplied)

The present case, if brought in Allegheny County, would fall within the jurisdiction of the Court of Common Pleas of that county, because the County Court was given no equity jurisdiction. In Philadelphia County the Municipal Court was given equity jurisdiction and that court has jurisdiction of this question. Should the appellant in this case sue the appellee for recovery of payments due under the agreement as occurred in the *Ashbaugh* case, the suit would be in the Municipal Court of Philadelphia and not in the Court of Common Pleas as the appellant contends. *Scott v. Scott,* 80 Pa. Superior Ct. 141, supra.

Were the appellant's contentions in this case upheld, we would have the anomalous situation in which the Municipal Court would have jurisdiction of all matters relating to support with the sole exception of a case brought by a father to reform a separation agreement involving more than $5000. Were the husband in this case to simply stop making payments altogether under the support agreement, there can be no question that the matter would of necessity be disposed of in the Municipal Court whether the wife should seek regress under the agreement or under the support statutes. Were support payments being made under an order of court rather than an agreement, the order

would of necessity have been entered by the Municipal Court and a petition to alter the order would likewise have been within the exclusive jurisdiction of the Municipal Court whether initiated by appellant to reduce the amount or initiated by the appellee to increase it. It is abundantly clear from the statutes, from the cases and indeed from simple logic that the Municipal Court has, and that the legislature intended they should have, jurisdiction over matters concerning a father's obligation to support his children, including this action.

The order of the court below holding the Municipal Court to have jurisdiction is affirmed with a procedendo.