## Gentry, Inc. v. Maylath

*Andrew L. Herster, Jr.,* for plaintiff.
*Lewis R. Long,* for defendant.

GRIFO, J., September 2, 1969.—Defendant has filed six preliminary objections to plaintiff's complaint in assumpsit. The action is based upon defendant's failure to pay for items of clothing purchased by two minor sons of defendant accompanied by their mother. The items purchased are set forth in detail and the copies of the invoices attached to the complaint. The articles are alleged to be necessaries. There is an allegation that defendant did in the past always honor invoices for items purchased for, on behalf of, or by defendant's minor sons. Plaintiff did not join the mother of the minors as a party defendant.

The first five preliminary objections are in the nature of a demurrer, under Pa. R. C. P. 1017(b)(4), and raise questions of legal sufficiency of plaintiff's complaint. There is no merit to any of these objections. A husband has the primary duty of furnishing and paying for necessaries for his wife and family whether they are furnished with or without his knowledge: Donovan Co. v. Weaver, 40 Lanc. 627, 628 (1927); Gessler v. Gessler, 181 Pa. Superior Ct. 357, 361 (1956). Even if the goods are purchased by the wife on the credit of her separate estate, the husband remains primarily liable: Donovan Co. v. Weaver, supra. While the power of the husband over the separate estate of his wife has been taken away, the liability for her support and that of his children remains; he is, for the purpose of providing necessaries, the

head of the household and is liable for such when they are furnished: McCreery v. Scully, 67 Pa. Superior Ct. 524, 526 (1917); Dublino v. Natale, 118 Pa. Superior Ct. 301, 304, 179 Atl. 821 (1935); Moore v. Copley, 165 Pa. 294, 30 Atl. 829 (1895). There is no doubt that the law expressly provides that the husband alone is responsible for the payment of these necessaries.

Since a husband is under a legal duty to support his family, when he neglects this duty one who does supply the necessaries for their support may recover their cost in an action of assumpsit because an implied promise to pay arises from the husband: Gessler v. Gessler, supra. This principle is further emphasized in Dunn v. Dunn, 27 D. & C. 716, 717 (1936), where the court said:

"A husband and father is under a natural obligation to furnish necessaries of life to his family, suitable to their condition, and if he neglect that duty, the person who supplies such necessaries is deemed to have conferred a benefit upon him for which the law raises on his part an implied promise to pay."

Defendant in his preliminary objections disputes the allegation that the purchase of this clothing constituted a purchase of necessaries. It is true that a husband and father is liable only for such necessaries as are suitable to his situation and condition in life. "If a tradesman furnishes what is not reasonable or prudent, he parts with his wares at his peril, and the husband is not liable except by his assent, either express or reasonably implied": Donovan Co. v. Weaver, supra. But what constitute necessaries for a minor child is a question which is susceptible of no clear definition and is generally a question for the jury: Parke v. Kleeber, 37 Pa. 251; Donovan Co. v. Weaver, supra.

It is apparent, therefore, that the first five preliminary objections must be dismissed.

The sixth preliminary objection is pursuant to Pa. R. C. P. 1017(b)(5), and asserts the nonjoinder of a necessary party. This objection must be dismissed. As to the question of whether the wife is a necessary party and must be joined, the husband and father, as has been stated, is primarily liable for the support of his family and some cases have expressed that the husband is "alone liable for the support of the family": Boggs and Buhl v. Kamons, 109 Pa. Superior Ct. 487, 489, 167 Atl. 250 (1933).

There are many cases which allow a wife who has expended part of her own separate estate on providing necessaries for her children, to maintain an action in assumpsit against her husband to recover the amount spent: Adler v. Adler, 171 Pa. Superior Ct. 508; Gessler v. Gessler, supra, at p. 362; Dunn v. Dunn, supra, at p. 511. In principle, if a wife spends her own money on the support of minor children, she assumes the status of, for example, a grocer who supplies food instead of the money to buy it.

It is apparent that since the wife could maintain her own action in assumpsit against the husband (defendant in this case), had she expended her own moneys instead of charging the price of the clothing to her husband, she is not a necessary party to this action and need not be joined, although she could have been joined under rule 2229. The wife is never liable unless she expressly undertakes to become such and this undertaking is never presumed but must be shown affirmatively: McCreery v. Scully, supra. There is no showing of her express undertaking to pay in this case, and she is, therefore, not a necessary party.

## ORDER OF COURT

And now, September 2, 1969, defendant's preliminary objections to plaintiff's complaint in assumpsit are denied and dismissed.