## Selig v. Selig

Before Honeyman, Vogel and Lowe, JJ.
*Charles Blasband,* for plaintiff.
*Alan E. Boroff,* for defendant.
*Maurice S. Strauss,* for garnishees.

HONEYMAN, J., November 28, 1969.—This matter was heard before the court en banc upon the amended preliminary objections filed by Alan E. Selig, defendant herein, to the complaint in foreign attachment assumpsit. The first two preliminary objections attack the jurisdiction of this court in the foreign attachment assumpsit action and the last two preliminary objections are by way of demurrer and motion for more specific complaint.

Plaintiff has alleged that defendant husband, Alan E. Selig, has failed to provide adequate support for plaintiff wife and seven children, whom he allegedly deserted. Plaintiff filed the instant action in order to attach defendant's interest in his aunt and uncle's

estate, which interest is valued at $43,000. The aunt and uncle died in Atlantic City, N. J., within two weeks of each other.

Defendant-garnishee, Milton Selig, (father of Alan E. Selig), a coexecutor and trustee of the will of Ralph Selig, the deceased uncle, is a resident of Montgomery County. Plaintiff claims that defendant, Mabel Selig (mother of Alan E. Selig) was added as garnishee based on information that she and defendant's father had possession of other assets belonging to him in addition to his interest in the above-mentioned estate. The garnishee, Milton Selig, has filed, on May 29, 1969, a sworn report stating that on the date of service of the writ of foreign attachment, garnishee had no property in his actual possession belonging to defendant, that he was a coexecutor and cotrustee with three others under a will which gave to defendant, Alan E. Selig, a balance of $43,281.97, and that at no time did he have any connection with the Estate of Carrye Selig, the deceased aunt. The garnishee, Mabel Selig, filed a similar report wherein she swears she has, or had, no property or interest therein belonging to defendant, Alan E. Selig.

Defendant's four preliminary objections will be treated seriatim. The first alleges "that the property sought to be attached by the plaintiff is immune or exempt from attachment." The property which plaintiff has attempted to attach in this proceeding is property which is in the hands of the coexecutors of an estate in which defendant is a legatee. This is clearly not property which is exempt from execution as set forth in Pa. R. C. P. 1252. Furthermore, the garnishees' reports do not state that any property attached was immune or exempt as required by Pa. R. C. P. 1266. Defendant's counsel, in neither his brief nor oral argument, has pointed to any statutory or decisional basis for immunity or exemption herein. Finally, there is

a body of case law permitting attachment of otherwise exempt property when the attachment flows from a claim for support for a wife and/or children: Gessler v. Gessler, 181 Pa. Superior Ct. 357 (1956); Bremer v. Bremer, 50 Del. Co. 199 (1926); Wolfinger v. Wolfinger, 35 D. & C. 2d 409 (1964).

The second point alleges that no property of defendant was in the possession of the garnishees at the time of service of the attachment. Other than the distributable assets of the estate, it is clear from the reports filed by the garnishees that they have no property of defendant. Pa. R. C. P. 1253 provides that: "Any person may be made a garnishee and shall be deemed to have possession of property of the defendant if he . . . (3) holds as fiduciary property in which the defendant has an interest."

It is clear that venue as to this particular garnishee is not an issue in this case, since Pa. R. C. P. 1254 provides that: "(a) An attachment against personal property of the defendant may be issued in and only in a county in which . . . (2) a garnishee may be served."

The garnishees reside in Montgomery County and were served here. The question which arises is as to the efficacy of this service. As noted above, Milton Selig is coexecutor and cotrustee of the estate together with Robert Williams, Harry Cassman and the Boardwalk National Bank. The question arises whether attaching the property in the hands of one coexecutor or cotrustee can thereby affect the actions of the others. If not, this service would result in the attachment of no property.

The status of the relationship between cotrustees in Pennsylvania is set forth clearly in the case of Devine v. Lynch, 372 Pa. 570 (1953). The court there stated: "As a general proposition of law, where there are two or more trustees of an estate, all of them

constitute but one collective trustee and must act jointly on a matter which calls for an exercise of discretion or judgment as distinguished from a matter of a purely ministerial character."

Also, in 15 P. L. Encyc. §97, Executors and Administrators, it is stated that corepresentatives are regarded in law as one person.

The other three coexecutors are residents of New Jersey. To this effect we recognize the similarity of the law of our sister State in this regard: In re Greims Will, 140 N. J. Eq. 183 (1947), and Re Garey Estate, 65 N. J. Super. 585 (1961), the New Jersey courts have held that several coexecutors are in law only one person and acts done by one in reference to administration of testator's goods are deemed acts of all inasmuch as they have joint and entire authority.

Since the laws of Pennsylvania and New Jersey clearly regard multiple fiduciaries as a unit, a garnishment validly achieved over one of several multiple trustees or executors of an estate is sufficient to bind all of them.

Here, Mr. Selig was within the jurisdiction issuing the writ of foreign attachment. He has been validly served and has responded. The unity of purpose and identity of the office he shares with the other non-resident executors makes them an undistinguishable whole and, as such, attachment on one is attachment on all.

The third preliminary objection alleges that no cause of action is stated by the complaint upon which a writ of foreign attachment can issue. Pa. R. C. P. 1252 states that:

"A foreign attachment may be issued to attach property of a defendant not exempt from execution, upon any cause of action at law or in equity, . . .

in which the relief sought includes a judgment or decree for the payment of money . . ."

Further, in the case of Gessler v. Gessler, supra, the court held:

"The present proceeding in reality is an action in assumpsit and a wife, as an appropriate form of process, may initiate her proceeding in assumpsit by foreign attachment, for her support and the maintenance of her children."

And also that:

"A husband is under a legal duty to support his wife and children, and where he neglects this duty, one who supplies necessaries for their support may recover their cost in an action under the common law, which raises an implied promise on the part of the husband, to pay."

Plaintiff has provided the necessary elements to sustain an action in foreign attachment. She has a perfect right to assert her claim for support from her husband, who is a nonresident, and she has made an effective attachment on the distributive share due her husband from the estate of which the garnishee is a coexecutor.

While it is true that the complaint does not state whether the agreement between the Seligs was oral or written, it is submitted that this is only a formal defect and may be cured by amending the complaint.

## ORDER

And now, November 28, 1969, all of the preliminary objections of defendant are overruled except the fourth, and as to this, plaintiff is given leave to amend her complaint within 20 days.