## Norris v. Norris

*Patrick W. Kittredge*, for plaintiff.
*Spencer A. Manthorpe*, for defendant.

STERN, J., January 9, 1974.—Both parties filed of record timely exceptions to the adjudication entered on October 26, 1973. Between the two litigants, findings of fact numbered 6, 15, 20, 21 and 27 and conclusions of law numbered 2, 3, 4, 5 and 7 were challenged. After a hearing on these exceptions and a review of the record in the present action, this court finds that, except in one instance, all of the findings of fact are amply supported by the evidence and that the conclusions of law were appropriate.

The sole exception which merits consideration is defendant's assertion that the Act of May 23, 1907, P.L. 227, sec. 2, 48 PS §132, invoked by plaintiff in this action violates the Equality of Rights Amendment to the Pennsylvania Constitution, Article 1, §27, adopted May 18, 1971. Defendant's contention is predicated, inter alia, on the premise that section 2 makes no provision for payments to a deserted husband from the time of the desertion to the date of the order as it has been construed by some lower courts to do for an abandoned wife. In awarding plaintiff past support in the instant case, this court relied upon a line of lower court cases which culminated in the decision of Dixon v. Dixon, 5 D. & C. 2d 634 (1955), and on certain factual inferences drawn from the record.

Initially, this court granted $24 per week past support to plaintiff to cover the period from September 14, 1972, the date of defendant's desertion, to October 26, 1973, the date of the decree nisi. This amount seems minimal when compared to the $127 per week which both parties stipulated as the reasonable requirement of plaintiff. However, notwithstanding uncontradicted testimony that plaintiff was residing with her parents and was unemployed between September 14, 1972, and January 30, 1973, there was no evidence regarding her expenses and needs introduced to establish that she was entitled to support for that period.

Regarding Dixon, a subsequent Superior Court case diminishes the force of the former as it relates to the present action. In Gessler v. Gessler, 181 Pa. Superior Ct. 357 (1956), without specifically overruling Dixon, the court held that section 2 of the Act of May 23, 1907, "provides for an action in *rem* against the husband's property in a proceeding for *future*

'suitable maintenance' of the wife; it does not pre-
scribe the procedure for the collection of the value of
necessaries which have been supplied for the support
of the wife and minor children": 181 Pa. Superior Ct. at
361. (Italics supplied.)

But the Superior Court further held that a wife may
maintain an action in assumpsit against her husband
to recover the amount expended by her out of her sepa-
rate estate for the necessary support and maintenance
of herself.

Because of the aforementioned lack of substan-
tiating evidence on the point and because the present
action was not brought in assumpsit, but rather was
specifically instituted under section 2 of the Act of
May 23, 1907, this court must strike conclusion of
law number 7 to the extent that it pertains to past
support. For the same reasons, it must vacate that
portion of its decree nisi which provides for the pay-
ment of past support from the date of desertion to the
date of that decree.

As regards the constitutionality of the statute in
question, the construction of section 2 by the Superior
Court in Gessler undermines the major portion of
defendant's argument. Absent the power to grant sup-
port from the date of desertion to the date of the order,
there is very little persuasiveness in the contention
that section 2 violates the Equality of Rights Amend-
ment.

It has been held in Commonwealth ex rel. Lukens
v. Lukens, 224 Pa. Superior Ct. 227 (1973), that al-
though the provisions for support of indigent husbands
and others are not identical to that provided for de-
serted or unsupported wives, "a reciprocal arrange-
ment exists under our support statutes, [and] . . . ,
while there may not be mathematically precise equal-

ity, these statutes create a substantial right to support for *both* sexes." The absence of a statutory right in the husband to bring an "in rem" action for support, such as is provided for a deserted wife under section 2, is not so great an inequality of rights as to render the holding of Lukens inapposite to the present case. Therefore, this court, consistent with the letter and spirit of the decision in Lukens, concludes that section 2 of the Act of May 23, 1907 is constitutional.

## FINAL DECREE

And now, January 9, 1974, it is ordered, adjudged and decreed as follows:

1. The decree nisi dated October 26, 1973, is hereby amended by the vacation of the provision for support and maintenance to be paid to plaintiff in the amount of $24 per week computed from September 14, 1972, to October 26, 1973, and by the vacation of the provision authorizing plaintiff to execute upon defendant's bond for failure to pay such past support within 60 days. Nothing in this paragraph shall be construed to abrogate the rights granted to plaintiff in paragraph 3 of this decree.

2. Consistent with the aforementioned decree nisi, plaintiff is awarded support and maintenance in the amount of $24 per week computed from October 26, 1973, forward.

3. In the absence of defendant's payment of support accruing between October 26, 1973, and the date of this decree within 60 days, plaintiff is hereby authorized to execute upon the bond posted herein by defendant.

4. Each party shall bear his or her own costs.