## In Re: Mary Kriner

*John A. Smay,* for the mother.
*George O. Wagner,* for the father.

MYERS, *P.J.,* June 25, 1985 — This case comes before us on a petition by the natural father requesting that the records of the Montour County Chil-

dren and Youth Services with regard to the child, Mary E. Kriner, and the mother, Karen M. Davis, be made available to the court for consideration in a custody case involving the parties.

## FACTUAL BACKGROUND

The child, Mary E. Kriner, was born out of wedlock on September 6, 1980. At this time, the mother, Karen M. Davis, was 15 years of age. The child's natural father is Mark A. Kriner, petitioner herein.

At the time of her pregnancy and the child's birth, Karen Davis was under the jurisdiction and supervision of Montour County Children and Youth Services as a dependent child. After the birth of the child, Montour County Children and Youth Services continued their involvement with Karen Davis and her child, Mary.

The issue before the court is whether the court should have available to it and consider the records of the Montour County Children and Youth Services pertaining to its supervision and care of the minor child and the mother.

The mother argues that said information should not be made available to the court since it is confidential and irrelevant.

The father denies that said information is confidential and maintains it is relevant to the consideration and disposition of the custody issue.

We hold that since court files and records in juvenile matters are open to inspection by judges and certain other parties, they are not confidential for purposes of these proceedings. Furthermore, past conduct of a parent is relevant when it represents evidence of continuing negative effect upon a child's welfare and best interest, and may be admitted for that purpose.

## DISCUSSION

Section 6307 (42 P.S.C.S. §6307) provides that:

"All files and records of the court in a proceeding under this chapter [including delinquency and dependency] are open to inspection only by:

1. The judge's officers and professional staff of the court . . . and

6. With leave of court, any other person or agency or institution having a legitimate interest in the proceeding or in the work of the unified judicial system."

Even if section 6307 were interpreted to create a privilege of confidentiality in this case, the court retains the authority to grant leave to others to inspect the documents and records, if it can be shown those others have a legitimate interest therein. Clearly, the parties to this suit have a legitimate interest, provided the records and documents are relevant to the issues.

Nevertheless, the mother argues that another statute provides for confidentiality of such records (11 P.S. §2215(a)), regardless of section 6307, supra. However, section 2215 is a part and parcel of the Child Protection Services Act, which applies only to child abuse cases. Since subject records involve no allegations or evidence of child abuse, section 2215 is inapplicable to the present case. It should also be noted that even if section 2215(a)(5) did presently apply, it provides that such records be made available to the court pursuant to a court order. Thus, even if subject records pertained to child abuse, they would not be confidential under a court order.

## II

Finally, as to the question of relevancy, the mother argues that the records and documents in question are not relevant to the issue of her ability to care

for her child and, therefore, are inadmissible. On the other hand, the father contends that said records are relevant since they are probative of the mother's ability to care for her child.

A parent's ability to care for a child must be determined as of the time of custody hearing and not as of an earlier time. In Re: Custody of Frank, 283 Pa. Super. 229, 423 A.2d 1229 (1980); Commonwealth ex rel. Jacobson v. Jacobson, 181 Pa. Super. 359, 124 A.2d 462 (1956). Thus, as was stated in Commonwealth ex rel. Gorto v. Gorto, 298 Pa. Super. 509, 514, 444 A.2d 1299, 1301 (1982):

"The primary concern in custody matters lies not with the past but with the present and future. Wilkes v. Ellerbe, 257 Pa. Super. 219, 390 A.2d 791 (1978), reversed on other grounds 490 Pa. 363, 416 A.2d 512 (1980). Facts as of the time of the hearing are the foundation for the determination of the court. Augustine v. Augustine, 228 Pa. Super. 312, 324 A.2d 477 (1974). Past conduct is not relevant unless it will produce an ongoing negative effect on the child's welfare." In Re: Leskovich, 253 Pa. Super. 349, 385 A.2d 373 (1978). See Witmayer v. Witmayer, 320 Pa. Super. 372, 467 A.2d 371 (1983).

Using the above-guidelines, it is clear that the past conduct of a parent is relevant if it will produce an ongoing negative effect on the child's welfare. Thus, since subject records may be relevant to that issue, we will grant the father's petition.

## ORDER OF COURT

And now, this June 25, 1985, it is hereby ordered that the Montour County Children and Youth Services records of Karen Davis be made available to the court for possible consideration in the above-captioned matter.